## Montfort v. Montfort.

Under the constitution of 1877, the jury rendering the final verdict in a divorce case are invested with power to determine the rights and disabilities of the parties, and where their verdict declares that both parties shall have the right to marry again, the presiding judge has no power of revision so as to deny the right to either party.

March 5, 1892.

Marriage and divorce.   Constitutional law.   Verdict. Before Judge Martin.   Marion superior court.   April term, 1891.

Reported in the decision.

M. H. Blandford, Miller & Miller and J. H. Worrill, for plaintiff.

No appearance contra.

Lumpkin, Justice.

Montfort sued for a divorce.   Defendant filed a cross-libel, and the first verdict was in her favor.   At the next term the jury again found in her favor, and that *both parties* be at liberty to marry again.   After reading the verdict in open court, the jury explained that it was their intention to allow *Mrs. Montfort* to marry again. We are at a loss to conjecture why an explanation was needed.   The verdict explicitly allowed *both* parties to marry again, and certainly as to Mrs. Montfort, who prevailed in the case, there seems to have been no need of an oral confirmation by the jury of the intention expressed in the verdict to confer upon her this right. The judge permitted the verdict to be read and received in open court, but before the adjournment of the court, ordered it to be revised, refusing Montfort the right to marry again.   The court also refused to sign a decree based upon the verdict as rendered, but entered a judgment reciting "that upon consideration and revision of the verdict" Mrs Montfort be totally divorced and allowed to contract marriage, and "that the right allowed by the jury to the plaintiff, Montfort, to again contract marriage be by this revision of the finding refused."

Under the provisions of art. 6, sec. 15, par. 2, of the constitution (Code, §5166), the jury rendering the final verdict in a divorce case have the power, and it is their duty, to determine the rights and disabilities of the parties. This the jury did plainly and unequivocally in the case at bar, and the presiding judge had no power to revise, or in any manner modify, their verdict. He evidently overlooked the fact that the constitution of 1868, making the final verdict in a divorce case "subject to the revision of the court," had been changed in our present constitution, by omitting the words quoted, and his undertaking to revise the verdict was, therefore, wholly unauthorized. He should not have permitted any oral explanation of the verdict, but should have rendered a proper decree upon it as returned, providing therein that both parties should have the right to marry again.                    *Judgment reversed.*