## Price *v.* Price.

The petition of a married woman alleged that her husband had cruelly treated and abandoned her, that she was living separate from him, that he had fraudulently made a pretended convey-

ance of certain real estate to his sister to defeat the claim of petitioner and her children for support and maintenance, that he owned a half-interest in a certain drug-store and stock of goods, and was worth not less than five thousand dollars. The prayers of the petition were, for divorce, injunction restraining the sale or transfer of the property conveyed to the sister, the sale of the interest in the drug-store or the payment to defendant of any portion of the proceeds of the drugs, and for temporary and permanent alimony and counsel fees. At the hearing before the chancellor, an amendment striking the prayer for divorce was allowed, and a demurrer previously presented by defendant was amended so as to present the objection that, the prayer for divorce being stricken, the application for alimony incident thereto and dependent thereon fell, and the entire proceeding must go out of court. The court overruled the demurrer and allowed temporary alimony and counsel fees, holding that the petition as amended could proceed as to alimony under section 1747 of the code. *Held*, there was no error in the ruling of the court under the facts stated.

2. In a proceeding for alimony under section 1747 of the code, injunction and receiver and other necessary relief may be granted, and to this end all necessary parties may be joined as defendants with the husband.

3. An equitable petition in which discovery is waived may be amended by striking this waiver and inserting a prayer for discovery. Such amendment does not set forth a new cause of action.

4. The court did not err in any of the rulings complained of.

August 27, 1892.　　　　　　　　　　　*Judgment affirmed.*

Husband and wife. Divorce. Alimony. Injunction. Parties. Practice. Amendment. Before Judge JANES. Haralson county. At chambers, June 8, 1892.

Mrs. Price by her original petition alleged: She and her husband have three children, naming them. Her husband has treated her cruelly, has often during the last six months come home in a drunken and mad condition, breaking furniture and cursing, beating and abusing her and the children. He continued this course of conduct until April 5, 1892, when he abandoned her and the children without any cause being given by her, leaving them in a destitute and helpless condition, and still continues to do so. Afterwards she and her chil-

dren went to her father's home where they have since been. When her husband abandoned her he was, and is now, the owner of certain land described, also a storehouse and lot, a half-interest in a stock of drugs, and other property, being worth not less than $5,000. Since April 5, 1892, he has made a pretended sale of the land to his sister, and now claims to have conveyed it to her by deed. If such conveyance was made, it was to defeat her claim and that of the children for support and maintenance, and the result of an understanding and collusion between her husband and his sister to defraud her and her children. Waiving discovery, she prayed that she be granted a total divorce, that the deed mentioned be delivered for cancellation, that her husband be decreed to pay her permanent alimony, temporary alimony and attorneys' fees, for injunction to her husband and his sister against the sale or transfer of the land, for temporary injunction against her husband as to selling or transferring the house and lot or the half-interest in the drug-store, and receiving or demanding any of the proceeds of the drugs. Also, that his partner in the drug business be enjoined from paying or turning over to him, or any one for him, any of the proceeds of the sale of drugs, and that said partner be required to account to petitioner for the one half-interest in the drug-store and stock and sales thereof, etc.

On the interlocutory hearing defendants submitted their answer and a demurrer; the answer of Price, among other things, asking that he be awarded the custody of the children. After examining the demurrer, plaintiff by leave of the court amended her petition by striking therefrom her application for divorce. Defendants then objected to a further consideration of the case, for the reason that there was nothing left in the petition on which to base a hearing or order, maintaining that, if incident to the divorce suit, the application for alimony

went out of court with it, and if brought as an independent cause of. action under the act of 1870, it was void because an application for divorce was pending, and could not be given vitality or legal existence by a subsequent dismissal of the divorce suit. The judge overruled the objection and ordered the hearing to proceed. Defendants by leave of the court amended·their demurrer. Plaintiff then offered an amendment to the petition, praying for discovery and propounding certain questions. Defendants objected to the allowance of the amendment for the reasons: (1) there was nothing left in the petition to amend by; (2) in the original petition discovery was waived, and discovery being in itself a distinct right or cause of action, the amendment offered a new and distinct cause of action. The court allowed the amendment and refused defendants' request that plaintiff be required to strike her waiver of discovery in the original petition.as inconsistent with the amendment just offered. Plaintiff stated that she did not desire discovery in answer to the amendment, for use on this hearing, and her counsel stated that injunction would not be insisted on at this hearing. The judge then proceeded to hear, consider and pass upon the questions of counsel fees, temporary alimony, and custody of children. The amounts and specific findings of the court are not objected to as contrary to or unsupported by the evidence.

The entire demurrer was: (1) The petition is not positively verified. To swear to the facts in the petition is no verification, unless the allegations are designated which are claimed to be facts. (2) The petition is multifarious, in that it contains entirely different subject-matters against different persons. It seeks in one action to enforce several rights and obtain various matters and forms of redress against several distinct persons. (3) An action for divorce is statutory, and the

parties are limited to husband and wife. An action for permanent alimony is statutory, and cannot be maintained while libel for divorce is pending. Third persons are not proper parties to either. · They cannot be joined together and coupled with prayer for injunction and application to cancel deeds. (4) There is a misjoinder of causes of action or grounds of relief, and an improper and illegal joinder of parties defendant. (5) There is no equity, law or cause of action set forth in the petition. According to the petition, plaintiff can obtain judgment for permanent alimony, if at all, only on the rendition of a second verdict. Until such judgment is obtained, plaintiff has no right to inquire as to the property rights and transactions of defendants.

The ground of demurrer added after the application for divorce was stricken, was: The application for divorce having been stricken and the other matter in the petition having been void, as combined with the petition or incident to or dependent upon it, there remains nothing in the case, and the same ought to be dismissed. No further action can legally be had.

The judge awarded the custody of one of the children to petitioner, and directed that the other two children be delivered into the custody of, and to be kept until the further order of court by Price's sister. He further ordered that defendant should pay a certain monthly sum as temporary alimony and a certain sum as counsel fees to date. Defendants excepted, making various assignments of error, the nature of which is indicated above.

PRICE & J. S. EDWARDS and ADAMSON & JACKSON, for plaintiff in error.

J. M. McBRIDE and S. L. CRAVEN, by J. A. NOYES, *contra*.