and overruled defendant's motion for a new trial. The main questions in the case and the facts in regard to them are sufficiently shown by the head-notes.

Freeman & Griswold, for plaintiff in error.

H. V. Washington and Anderson & Anderson, *contra*.

---

## Searcy *et al. v.* Collins *et al.*

1. An exception to a decree that it does not follow the verdict, no particular departure being specified, does not raise the question whether the decree goes beyond the verdict, although it may do so in one particular.

2. The evidence, though conflicting, warranted the verdict as to all the answers specifically propounded to the jury; and no answer given was defective, either by reason of not being responsive to the question or by reason of not being sufficiently comprehensive to answer it.                    *Judgment affirmed.*

July 23, 1894.

Equitable petition. Before Judge Smith. Bibb superior court. November term, 1893.

M. G. Bayne, for plaintiffs.

Ryals & Stone, for defendants.

---

## Bell & Son *v.* Gunn, agent, *et al.*

1. Where a debtor filed a petition of interpleader against his creditor and several of the creditors of the latter who claimed specific liens upon the property of the plaintiff as security for their demands, and paid into court a fund to stand in lieu of the property, and it was sought to conduct the proceeding so as to substitute that fund, for all purposes with reference to the alleged liens, for the property itself, the creditor of the plaintiff was a necessary party, and the case was not ready to proceed and be finally disposed of as to any of the parties thereto until he was served with process, or had acknowledged service or duly waived it by appearance or otherwise. Until this occurred, the court could not, without his consent, pay out the fund or any of it either upon the liens claimed on the plaintiff's property, or upon a prior general judgment against the unserved defendant.