### ATKINS *et al. v.* WINTER *et al.*

1. Where on the trial of an equity case a verdict is directed by the judge, and no motion for a new trial is made, and there is nothing in the bill of exceptions or the transcript of the record properly calling in question the correctness of the verdict directed, this court will not consider assignments of error to a decree of the trial court based on the verdict and substantially following it.

2. Giving the verdict a reasonable intendment, and construing it in the light of the pleadings, there was no material variance between it and the decree.

Submitted March 8, —Decided March 27, 1905.

Equitable petition.    Before Judge Hammond.    Richmond superior court.    December 15, 1904.

*F. W. Capers,* for plaintiffs in error.
*Hamilton Phinizy,* contra.

CANDLER, J.    This was an equitable petition to construe a will, and for injunction and receiver.   The case was tried before a jury in the superior court, and a verdict was directed for the plaintiff. No motion for a new trial appears to have been made.    The case was brought to this court by direct bill of exceptions, and the writ of error was dismissed.    See *Atkins* v. *Winter*, 121 *Ga.* 75. The present bill of exceptions assigns error upon the decree entered on the verdict which was directed by the trial judge. With one exception, these assignments are largely in the nature of grounds of demurrer to the petition, and can not be considered; for it is apparent on their face that in the matters complained of the decree merely followed the verdict, the correctness of which it is now too late to question.   The only assignment of error which we can consider is that which complains that "the decree does not follow the verdict, in that the verdict finds that the executors should execute the will of the testator, whereas the decree substitutes for said executors the appointees of the court." It is an elementary principle that verdicts are to be given a reasonable intendment, and are to be construed in the light of the pleadings.   *Jesse French Co.* v. *Cardwell*, 114 *Ga.* 345.    The petition in the present case alleged that the executors and trustees under the will of the plaintiff's decedent were, for reasons stated, not fit and proper persons to execute the trust with which they were clothed, and prayed for the appointment of commissioners to partition the property which was the subject-matter of the litigation.    The verdict provided that the land in controversy be divided into two parts of equal value, the division to be made in a manner specified in the verdict, and that the land, after being divided, be held as provided in the will.    No provision was made for the appointment of commissioners; but in view of the allegations and prayers of the petition, and of the fact that the finding generally was for the plaintiffs, a decree, based on this verdict, appointing commissioners to make the partition, instead of having it done by the executors, can not be held illegal as failing to follow the verdict.       *Judgment affirmed.    All the Justices concur.*