### ANGLIN *v.* ANGLIN.

PER CURIAM. 1. In this State two concurring verdicts, at separate terms of court, are required in order to grant a total divorce. If at the first trial the jury find in favor of the defendant, the case will not proceed to a further trial. If they find for the plaintiff on the first trial, the case will stand upon the docket to be tried by another jury at another term, when the issue as to whether a divorce shall be granted will again be tried and a verdict rendered upon it. In the second trial, if there is one, the questions of disability of the parties to remarry, the custody of children if there are children, and the question of alimony, if such questions be raised by the pleadings and evidence, are for determination. None of the last-mentioned questions are for determination on the first trial. In the present case, under the pleadings and evidence, there was no error in so instructing the jury in effect, and informing them that the simple issue for them to determine was whether or not a verdict should be rendered for the plaintiff on the grounds alleged in her petition.

2. It was error to charge the jury that the plaintiff (the wife) had given certain testimony charging the defendant with dishonesty in his dealings with the Pullman Company; that if they should believe that this charge was true, it would furnish no ground for divorce for the plaintiff; but that such testimony might be considered by the jury, along with all the evidence in the case, in illustrating, if it did, the conduct of these parties in respect to each other on the issue as to whether or not the plaintiff was treated cruelly by the defendant, within the meaning of the law. Dishonesty on the part of a husband in his dealings with a third party, not connected with his domestic relations or his treatment of his wife or the grounds of cruelty alleged in her

petition, should not be brought to the attention of the jury in the charge, as possibly illustrating the conduct of the parties in respect to each other, on the issue of whether or not the plaintiff cruelly treated his wife.

(a) Under the issue in this case, evidence tending to show that the husband admitted having been guilty of dishonesty toward his former employer, and to have been discharged therefor, was incompetent, and should have been rejected on objection duly made thereto.

3. Where a suit for divorce by a wife against her husband was predicated solely upon the grounds of cruel treatment, although there were certain allegations in the petition to the effect that after the marriage the husband had made misrepresentations as to his employment and had induced his wife to go with him to a different place of abode, and although there was evidence touching that subject, it was error for the court to instruct the jury in regard to misrepresentations and fraud inducing the making of the marriage contract, which would authorize the grant of a divorce.

4. The Civil Code (1910), § 2946, declares: "In case of cruel treatment or habitual intoxication by either party, the jury, in their discretion, may grant either a total or partial divorce." Accordingly, where a suit for divorce was predicated on the ground of cruel treatment, if there was evidence authorizing the submission of the issue on that subject to the jury, the court should, even without request, have instructed them as to their discretionary power to grant a total or partial divorce, if from the evidence they should find in favor of the plaintiff.

5. Where a wife brought suit against her husband to obtain a divorce on the ground of cruel treatment, and alleged that her husband became neglectful of her, ceased to manifest any interest in her welfare, repeatedly told her that she was a burden to him and that he was sorry that he had married her, cursed and abused her, repeatedly ordered her to cease to live with him, and threatened her life, and this was denied by the defendant, it was competent for the defendant to introduce letters passing between them shortly before their separation, and pending the alleged mistreatment, tending to rebut the allegations of lack of affection on the part of the plaintiff and the defendant toward each other; and, in conection with such a letter written by the wife to the husband, it was error to exclude a letter written by the husband to the wife, to which her letter was a reply, and which contained affectionate expressions on his part to her.

Judgment reversed. By five Justices, all concurring.

SEPTEMBER 14, 1916.

Divorce. Before Judge Ellis. Fulton superior court. January 30, 1915.

Austin & Smith, for plaintiff in error.

Moore & Branch, contra.