## MORGAN v. MORGAN.

Even if the petition was demurrable because there was included with the action for divorce and alimony a claim for money had and received, it was not error to overrule a motion to set aside the judgment entered upon a verdict in favor of the wife for such money had and received, where the point was not timely raised by special demurrer. A judgment cannot be set aside for any defect in the pleadings that is aided by verdict or amendable as matter of form. Moreover, it has been held that a claim for money had and received and which the husband in equity and good conscience should restore to the wife may be joined in an action for divorce and alimony.

No. 3871. MARCH 13, 1924. REHEARING DENIED MAY 15, 1924.

Divorce, etc. Before Judge Littlejohn. Macon superior court. May 18, 1923.

*Jere M. Moore,* for plaintiff in error.

*Jule Felton,* contra.

RUSSELL, C. J. Minnie Morgan filed a suit for divorce and alimony against E. O. Morgan. She claimed her right to a divorce on the ground of cruel treatment. In her petition she also set up that at the time of her marriage she owned in her own name the sum of $800 which she had previously accumulated, and that her husband, under the pretense of fearing that the same might be lost at the home and of the desire to place it in the bank, obtained possession of said money and has declined upon demand to repay the same; and "she prays that she may have a judgment against the defendant for said sum, and an accounting with defendant, so that the entire rights and liabilities as between them may be definitely fixed." She also prayed that "a court of equity may grant full and final relief as against the parties." The defendant answered and denied the allegations of cruel treatment, and averred "that the only time he ever heard of the $800 mentioned was when he read it in the petition." The jury trying the case returned a verdict granting a total divorce to both parties, and denying alimony to the wife; and further found, "in favor of the plaintiff against defendant, the sum of $800 for money had and received." The judgment of the court was entered accordingly. At the same term at which the judgment was rendered the defendant moved to set aside and vacate that part of the judgment which he alleged "is void," alleging "that so much of said judgment, to wit: 'Minnie Morgan have and recover of defendant, E. O. Morgan, $800 for

money had and received,' is illegal and void, for that suit for money had and received cannot be legally joined or rendered on petition for divorce and alimony." To the order of the trial judge dismissing this motion the defendant excepted.

Motions in arrest of judgment or to set aside a judgment may be predicated upon "any defect not amendable which appears on the face of the record or pleadings." Civil Code (1910), § 5957. But "A judgment cannot be arrested or set aside for any defect in the pleadings or record that is aided by verdict or amendable as matter of form." Civil Code (1910), § 5960. Is the petition in this case amendable as matter of form? It sets forth a cause of action for divorce and alimony, and also a cause of action for money had and received. Conceding for the sake of argument that a suit for divorce and alimony cannot embrace a plea for money of the wife had and received by the husband, still we think it plain that this defect, if such it be, would not render the plaintiff's petition so void that it could not have been amended had there been a timely demurrer directed thereto. To use the language of Mr. Justice Cobb, in the case of *Georgia Railroad &c. Co.* v. *Tice,* 124 *Ga.* 459, 462 (52 S. E. 916, 4 Ann. Cas. 200): "As under our system a misjoinder of causes of action could be eliminated before verdict by appropriate amendment, under the operation of the rule just referred to [a defect in a petition which is amenable is cured by verdict] such a defect, unobjected to at the proper time before verdict, would be cured by the verdict. The defect therefore must be taken advantage of before verdict; but at what stage of the cause? Is it a defect of form or a defect of substance? . . Being a defect merely in the form in which the suit is brought, it must be taken advantage of by special demurrer filed at the first term, and the failure to file such demurrer at such term would be a waiver of the defect." Moreover, "It has been held proper to join the following actions with actions for divorce: . . a claim for separate property; a moneyed demand between the husband and wife." 7 Stand. Enc. Proc. 769, § 8 F.

The learned trial judge did not err in dismissing the motion to set aside and vacate that part of the judgment relating to the money had and received; and accordingly his judgment is

*Affirmed. All the Justices concur.*