### FLOWERS v. THOMPSON.

ATKINSON, J. The losing party to an action for an amount alleged to be due for rent, in the municipal court of Atlanta, after having made an oral motion for a new trial, made a "written motion for a new trial and. appeal" to the appellate division of that court. The case was dismissed by the appellate division on the ground that an approved brief of evidence had not been filed as provided by law. After dismissal of the case, the movant brought a suit in equity to set aside the judgment of dismissal and to have the court order a new trial in the municipal court. The petition set forth all the pleadings and the orders and judgments rendered in the case in the municipal court, and a brief of evidence that had been filed, but had not been approved by the judge who tried the case. It was alleged that the paper was a correct brief of the evidence, and that the movant requested the appellate division to grant opportunity to get the approval of the trial judge, which request was refused. The grounds relied on for a motion for a new trial were that the judgment of the trial judge was "contrary to law, the evidence, and the weight and decided preponderance of the evidence, and without evidence to support it." The equitable petition was dismissed on general demurrer, and the plaintiff excepted. *Held:*

1. The municipal court of Atlanta is a court of competent jurisdiction for trial of cases of the character described in the petition; and that being so, even if there was error in the judgment of the trial judge of that court, or abuse of discretion in the appellate division in refusing to postpone the hearing, or error in the judgment of the appellate division in dismissing the motion for new trial, equity will not grant a new trial to correct such errors or abuse of discretion. Accordingly the petition was subject to general demurrer, and the superior court did not err in dismissing the action.

2. The case is fundamentally different from the cases of *Booth* v. *Stamper*, 6 *Ga.* 172, and *Gulf Refining Co.* v. *Miller*, 151 *Ga.* 721 (108 S. E. 25). The relief sought in those cases was founded on fraud or mutual mistake, whereby the injured party was deprived of a hearing upon his case, or whereby an illegal verdict had been obtained which the court of law was powerless to correct. Neither case related to mere error of the trial judge in rendering a judgment on the merits of the case, or error of a reviewing court in dismissing a motion for a new trial.

*Judgment affirmed. All the Justices concur.*

No. 4115. SEPTEMBER 20, 1924.

Equitable petition. Before Judge Humphries. Fulton superior court. November 21, 1923.

Mrs. A. E. Thompson instituted an action against W. E. Flowers, in the municipal court of Atlanta, upon a money demand for rent. On November 13, 1922, the judge of the municipal court rendered a judgment for the plaintiff for a stated amount. The defendant instanter made an oral motion for a new trial, which on November 28 was overruled. On December 9, the defendant made a written

motion for new trial and an appeal from the order overruling the oral motion for new trial, on the ground that the "judgment is contrary to law, the evidence, and the weight and decided preponderance of the evidence, and without evidence to support it." At the same time the defendant filed a brief of the evidence, which did not contain any order of approval by the judge, but did contain the order: "Let this brief of evidence be filed." The judge of the municipal court whose decision was complained of passed an order directing that the written motion for new trial be filed of record and transmitted to the appellate division of the municipal court. On January 26, 1923, the day set for the hearing before the appellate division, the attorney for the defendant presented to the judge an amendment to his motion for new trial. The amendment was a restatement of the substance of the former motion, and on the basis of the amendment it was sought to have the judge enter a certificate approving the grounds of the motion for new trial and the brief of evidence. On presentation of the proposed amendment, about two hours before the case would be called for a hearing before the appellate division, the trial judge expressed his doubt about his authority to allow the amendment, but stated that he would present the matter to the appellate division of the court, of which he expected to be a member. However the trial judge was absent (being engaged in the same building in the performance of other official duties), and did not preside in the appellate division. Upon the call of the case the attorney for the respondent moved to dismiss the motion, on the ground that no approved brief of evidence had been filed; whereupon the attorney for the movant moved the appellate division to allow the amendment, and that he be given an opportunity to obtain a ruling from the trial judge as to whether or not he would allow the amendment. The appellate division refused to grant the request, sustained the respondent's motion, and dismissed the motion for new trial and appeal.

On February 5, 1923, W. E. Flowers instituted an equitable action against Mrs. A. E. Thompson. The petition alleged all that is stated above, and further: "That if there was any defect it was to form only, which was amendable and could have been amended; that petitioner offered in due and ample time to amend whatever matter of form was necessary, and should have been al-

lowed to amend; that time for amendment, under the circumstances set forth, should have been allowed; that said brief of evidence was and is true and correct; that if an amendment as proposed is not allowable, then the law is defective, and he should not be required to suffer and be deprived of a substantial right, to wit, his right to have his motion for a new trial and appeal heard and determined on its merits, by reason of such defect; that if the same is amendable and the amendment could only be allowed by the trial judge, . . then time should have been allowed by said appellate division in which to obtain his approval of such amendment; that petitioner ought not to be deprived of a substantial right, to wit, the right to be heard on his motion for a new trial and appeal, because of the unexpected absence of the said judge, . . and the said appellate division of the said court aforesaid erred in dismissing his motion and appeal, and in not hearing the same upon its merits, and in not granting him a new trial." The prayers were: (a) For process. (b) That the judgment in this case be set aside and a new trial be granted him in said court below. (c) For injunction restraining further proceeding in the municipal court until the case made by the petition can be determined. The petition was dismissed on general demurrer, and the plaintiff excepted.

*W. H. Terrell,* for plaintiff. *Paul L. Lindsay,* for defendant.