SUMNER *v.* SUMNER.

No. 12232. May 14, 1938. Rehearing denied June 25, 1938.

392

*Bussey & Fulcher*, for plaintiff in error.

*Isaac S. Peebles Jr.*, contra.

JENKINS, Justice. The plaintiff contends that the previous denial of her extraordinary motion for new trial does not preclude her from now proceeding, because the merits of her grounds, although the same, have never been determined, for the reason that the trial court did not refer to "any specific ground" or "assign any particular reason" for its first decision, and because the decision of this court affirming that judgment (cited above) was based on the technical ground that "the court need not have considered some of the affidavits attached to the motion." It is contended that "the issue presented by her extraordinary motion for new trial was confined to the sole question whether or not she presented such facts as to entitle her to have the merits of her case determined by a court of law," and that she has never had opportunity for the merits of her case to be heard. It appears from the express averments of the instant petition and the record of proceedings on the former extraordinary motion that they contain substantially the same grounds. All of the grounds of the extraor-

dinary motion and supporting affidavits and the counter-pleadings and affidavits of the respondent being before the court, the motion was denied generally, without assigning any particular ground or reason therefor. In the absence of any showing that the decision of the trial court could have rested on any merely technical ground, such decision must be taken as having determined the merits of the motion. Nor can it be said that the decision of this court, affirming the judgment of the trial court, was based only on a technical ground. While, as contended, the opinion refers to the technical insufficiency of *"several* of the material affidavits" in support of the motion, the rest of the opinion and the syllabus plant the decision upon the merits of the case and the absence of any abuse of discretion by the trial judge. Among other grounds, insanity was especially stressed, and therefore it was said that "the real basis of the extraordinary motion for new trial is the contention of the [wife] that at the time of the institution [and pendency] of the divorce suit . . she was insane. . . Upon issue raised on this point the court heard much evidence, and overruled the motion for new trial." After referring to the technical insufficiency of some of the affidavits, the court then said: *"As to the material questions at issue the testimony was in acute conflict.* [Italics ours.] In these circumstances the credibility of the witnesses and the weight to be attributed to the testimony of each and all of them is a question solely addressed to the sound discretion of the trial judge, and the exercise of his discretion will not be interfered with where, as it appears in this case, there was no abuse of discretion." It was thus recognized that a decision on the merits had been made, with which, under the conflicting testimony, this court would not interfere. Therefore it can not be said that the petitioner has never had her day in court, with any decision on the merits of her grounds.

None of the cases relied upon by the plaintiff except *Crovatt* v. *Baker,* hereafter considered, go further than to recognize the settled rule, stated in division 2 of syllabus, supra, that a prior decision based upon purely technical grounds constitutes no bar as to the merits. Thus, in *Gwinn* v. *Gwinn,* 145 *Ga.* 481, 483 (89 S. E. 574), where there was an equitable petition to set aside a divorce decree, and it was held that there was no bar, it was said that "the first attack" by motion "was never heard upon its merits," but

was decided upon the ground that the motion "was not the proper remedy," and "the further ground that there was no process attached to the same." In *Firemen's Insurance Co.* v. *Oliver,* 176 *Ga.* 80 (167 S. E. 99), it was held merely, that, "the motion or petition to set aside the verdict and judgment having been held void and dismissed because not accompanied by a brief of the evidence," such a "futile attempt" was no obstacle to a subsequent valid motion. There are other cases to the same effect, where the previous decision was not on the merits, but on technical grounds. See *National Bank of Augusta* v. *Southern Porcelain Mfg. Co.,* 59 *Ga.* 157, 164; *Papworth* v. *Fitzgerald,* 111 *Ga.* 54 (36 S. E. 311); *Revels* v. *Kilgo,* 157 *Ga.* 39 (*b*) (121 S. E. 209); *Shearer* v. *Stamey,* 26 *Ga. App.* 120 (105 S. E. 854). The case of *Crovatt* v. *Baker,* 130 *Ga.* 507 (2), 511 (61 S. E. 127), involved the question whether the grant of an interlocutory injunction, considered upon a demurrer, the pleadings, and the evidence, during vacation and before the return term, "had concluded the defendant upon the points raised by demurrer." It was in effect held that it had not; that "the judgment at the interlocutory hearing was a mere exercise of discretion, and was not a final judgment 'upon the whole law of the case;'" and, since that case arose before the act of 1925 (Code, § 81-1002), permitting a determination of demurrers in equity cases seeking extraordinary relief "at any interlocutory hearing before the appearance or first term," that a "controlling reason why the ruling made at the interlocutory hearing should not conclude the defendant upon any question raised by the demurrer is that the court was without jurisdiction in vacation, before the appearance term of court, to render judgment overruling the demurrer." Since this, the "controlling reason," appears to have been the basis of the decision, it is unnecessary to determine whether the remaining language, that "the judgment at the interlocutory hearing was a mere exercise of discretion, and was not a final judgment 'upon the whole law of the case,'" was necessary thereto, and what would be its effect upon a similar interlocutory injunction case, since the earlier decision in the instant case, although based upon the exercise of a sound discretion, was not interlocutory but a final judgment.

But it would not seem that the fact that the judgment denying the extraordinary motion for new trial in this case involved the

exercise of sound discretion by the judge, which was not subject to correction unless abused, while the instant equitable petition does not depend immediately upon such a discretion, would operate to alter the rule. The grant or denial of even an ordinary motion for new trial upon ·evidential grounds may, like other decisions, form the basis of res judicata. See *Leathers* v. *Leathers,* 138 *Ga.* 740 (76 S. E. 44); *Wimpy* v. *Gaskill,* 76 *Ga.* 41 (5); *Pittsburgh Plate-Glass Co.* v. *Maril,* 21 *Ga. App.* 682 (94 S. E. 903). Such a denial of an ordinary motion, like the denial of an extraordinary motion, when based upon conflicting evidence, is a matter of sound discretion, which will not be corrected on writ of error unless abused. Code, § 70-202; *Jackson* v. *State,* 93 *Ga.* 190 (3) (18 S. E. 401); *DePauw* v. *Kaiser,* 77 *Ga.* 176 (5) (3 S. E. 254); *Jett* v. *Lord,* 144 *Ga.* 234 (2) (86 S. E. 1092). It is too well settled to require citation that the refusal of an ordinary motion for new trial will not be reversed on evidential grounds, if the verdict was authorized. Nor will a merely erroneous decision with reference to an ordinary motion for new trial afford ground for an equitable petition to set aside the previous judgment and obtain a new trial. *Flowers* v. *Thompson,* 158 *Ga.* 844 (124 S. E. 720). The controlling principle in this case, where the losing party first proceeded by an extraordinary motion for new trial, and now attempts on substantially the same grounds to proceed by an equitable petition, would appear to be in harmony with that applied in *Baldwin* v. *McCrea,* 38 *Ga.* 650, where the first effort was by an equitable petition, and a motion for new trial was afterwards filed, and where it was said: "The other application for new trial in this case was made upon the identical ground set forth in this application, and was overruled by this court. A party can not avoid the effect of a solemn adjudication of his rights in a court of competent jurisdiction, by a change of forum, from the equity to the law side of the court. The maxim *'res judicatæ pro veritate accipiuntur'* is applicable." Having elected first to proceed by the remedy of an extraordinary motion for new trial, rather than the remedy of an equitable petition, and having pursued the first remedy to a final adverse judgment on the merits of her contentions, the petitioner, under the doctrine of res judicata as distinguished from estoppel by judgment, was not entitled

to thereafter proceed by an equitable petition, as is now sought, based upon substantially the same grounds.

Judgment affirmed. All the Justices concur.