## THOMPSON *v.* THOMPSON.

No. 15185.  SEPTEMBER 7, 1945.

*George G. Finch* and *Young H. Fraser,* for plaintiff in error.

*Hugh Burgess, Madison Richardson,* and *Reuben A. Garland,* contra.

ATKINSON, Justice. (After stating the foregoing facts.) 1. Error is assigned in the bill of exceptions on the ground that the decree is contrary to law and contrary to the verdict of the jury. The defendant also assigns as error the failure of the court to enter judgment for him in accordance with the verdict of the jury and in accordance with the law, on the ground as contended that, the jury having found in favor of the defendant that the divorce decree should not be set aside, the petitioner was precluded from raising any other question which could have been determined in the previous divorce case.

Counsel for the defendant insist that, under the principles announced in *Price* v. *Price,* 90 *Ga.* 244 (15 S. E. 774), *Morgan* v. *Morgan,* 157 *Ga.* 907 (123 S. E. 13), and *Duncan* v. *Duncan,*

184 *Ga.* 602 (192 S. E. 215), every issue in the present case could have been determined in the divorce suit between these same parties. While the issues in the present case might under proper pleading have been determined in the divorce case, we are cited to no case, nor are we able to find any ruling of this court, to the effect that all property rights between a husband and wife must be included in the pleadings of a divorce case. Such a ruling would not be required by the doctrine of res judicata, nor would it be applicable to the rule of estoppel by judgment.

"Under the doctrine of res judicata, 'a judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside.' Code, § 110-501. A somewhat different rule applies in regard to the doctrine of estoppel by judgment, since the latter doctrine has reference to previous litigation between the same parties, based upon a different cause of action. In the latter case there is an estoppel by judgment only as to such matters within the scope of the previous pleadings as necessarily had to be adjudicated in order for the previous judgment to be rendered, or as to such matters within the scope of the pleadings as might or might not have been adjudicated, but which are shown by aliunde proof to have been actually litigated and determined. . . Under both rules, in order for the former decision to be conclusive, it must have been based, not merely on purely technical grounds, but at least in part on the merits where under the pleadings they were or could have been involved. Code, §§ 110-503, 110-504." *Sumner* v. *Sumner,* 186 *Ga.* 390 (2) (197 S. E. 833), and cit.; *Anderson* v. *Black,* 199 *Ga.* 59 (33 S. E. 2d, 298).

In *Hughes* v. *Cobb,* 195 *Ga.* 213, 231 (5) (23 S. E. 2d, 701), a suit by a wife to recover property wrongfully taken from her was held to state a different cause of action from a previous suit for alimony. Therefore, since the divorce suit referred to in the case now under review did not as originally filed pray for alimony or for the recovery of other property, it necessarily follows that as first brought that suit was based on a different cause of action from the one in the subsequent suit, which sought among other things to recover property wrongfully taken from the wife before the suit for divorce was filed.

Another material question is, what was the effect of the amendment in the divorce proceeding that was withdrawn by the plaintiff before the case was submitted to the jury?

"All parties, whether plaintiffs or defendants, in the superior or other courts, whether at law or in equity, may at any stage of the cause, as matter of right, amend their pleadings in all respects, whether in matter of form or of substance, provided there is enough in the pleadings to amend by." Code, § 81-1301.

"The plaintiff in any action, in any court, may dismiss his action either in vacation or term time, if he shall not thereby prejudice any right of the defendant, and if done in term time, the clerk of court or justice of the peace shall enter such dismissal on the docket. After a plea of setoff or otherwise shall have been filed, the plaintiff may not dismiss his action so as to interfere with said plea, unless by leave of the court on sufficient cause shown, and on terms prescribed by the court." Code, § 3-510.

While the pleadings in the prior divorce suit were not attached as an exhibit in the present case, the petition alleged in substance that the amendment sought temporary and permanent alimony, and prayed that the defendant be enjoined from disposing of the real estate described in the instant case, and that he be required to surrender personal property of the plaintiff which was in his possession. So far as appears from the present record, the defendant did not file any plea of setoff or prayer for affirmative relief. Consequently the plaintiff had a right to withdraw the amendment without prejudice to any rights of the defendant. *King* v. *King,* 151 *Ga.* 361 (106 S. E. 906); *Black* v. *Black,* 165 *Ga.* 243 (3) (140 S. E. 364); *Harry L. Winter Inc.* v. *Peoples Bank of Calhoun,* 166 *Ga.* 385 (3) (143 S. E. 387); *Daniel* v. *Etheredge,* 194 *Ga.* 860 (22 S. E. 2d, 807).

A different question would have been presented if, before the amendment was withdrawn, the defendant had filed a cross-petition seeking affirmative relief. *Grinnell* v. *Grinnell,* 174 *Ga.* 904 (164 S. E. 681); *American Legion* v. *Miller,* 183 *Ga.* 754 (189 S. E. 837); *Byrd* v. *Equitable Life Assurance Society,* 185 *Ga.* 628 (3), 636 (196 S. E. 63).

Therefore the effect of withdrawing the amendment was to leave the previous action as it was when originally instituted, which was a plain suit for divorce without any prayer for alimony or prayer for settlement of property rights between the husband and wife.

Under the pleadings now on review, when the jury found in favor of the defendant that the divorce decree should not be set aside, it was no bar to the determination of the property rights of the plaintiff, based on the doctrine of res judicata, as the second suit was based on a different cause of action from the one involved in the prior divorce suit. Nor was the plaintiff precluded in the second suit from raising such questions on account of the doctrine of estoppel by judgment, since such questions relating to property rights were not matters within the scope of the pleadings as necessarily had to be adjudicated in order for the divorce judgment to be rendered, and were not matters that were actually litigated in the divorce suit.

Applying the above principles to the facts of the instant case, the decree upon which error is assigned was not erroneous as contended, on the ground that it failed to follow the verdict. *Searcy* v. *Collins,* 94 *Ga.* 642 (20 S. E. 94); *Atkins* v. *Winter,* 122 *Ga.* 644 (50 S. E. 487).

■ Substantially the foregoing opinion, together with a judgment of affirmance, was filed on July 3, 1945. A motion for rehearing, duly filed, presented questions which the court thought might have some effect upon the opinion and judgment, and in view of the Code, § 24-3801, providing for the closing of the April term on July 31, and in order to provide time for adequate consideration of the question presented in the motion, the judgment of affirmance was vacated and the opinion withdrawn on July 23, 1945.

In the motion the plaintiff in error, in furtherance of the position previously taken that all property rights as between husband and wife must be determined in the divorce proceeding, now insists that certain Code sections and a provision of the constitution make it mandatory that they be so determined. The sections relied upon are: § 30-111—"In all suits for divorce, the party applying shall render a schedule, on oath, of the property owned or possessed by the parties at the time of the application—or at the time of the separation, if the parties have separated—distinguishing the separate estate of the wife, if there be any, which shall be filed with the petition, or pending the suit, under the order of the court." § 30-115—"The verdict of the jury shall specify the kind of divorce granted and the disposition to be made

of the scheduled property." Also the provision of the constitution, Code, § 2-4202, that, "When a divorce is granted, the jury rendering the final verdict shall determine the rights and disabilities of the parties."

In tracing the history of the two Code sections, 30-111, 30-115, we find as to 30-111 a similar, though different, provision in section 8 of the act approved December 5, 1806 (Ga. L. 1806, p. 16), which provides: "In all cases of applications for a divorce, the party applying shall render a schedule on oath of the property owned or possessed by said parties at the time of such application; or if the parties have separated, at the time of such separation, which shall be filed of record by the clerk of the superior court, and after all just debts shall be paid, shall be subject to a division or equal distribution between the children of such parties, except the jury before whom the same may be tried shall think proper to allow either party a part thereof." *Whitaker* v. *Strong*, 16 *Ga.* 81; *Barclay* v. *Waring*, 58 *Ga.* 86, 90. This same provision was contained in Prince's Digest (1837), p. 189, and Cobb's Digest (1851), p. 225.

In the Code of 1863, § 1676, the following appears in lieu of the previously quoted portion of the act of 1806: "In all suits for divorce, the party applying shall render a schedule, on oath, of the property owned or possessed by the parties at the time of the application—or at the time of separation, if the parties have separated—distinguishing the separate estate of the wife, if there be any, which shall be filed with the petition, or pending the suit, under the order of the court. *The jury rendering the final verdict in the cause may provide permanent alimony for the wife, either from the corpus of the estate or otherwise, according to the condition of the husband and the source from which the property came into the coverture.*" (Italics ours.) Also the Code of 1863, § 1678, provided: "The verdict of the jury shall specify the kind of divorce granted, and the disposition to be made of the scheduled property." These identical sections were contained in the Codes of 1868, 1873, 1882, 1895, and 1910. In the Code of 1933, § 30-111, the first sentence of this section is retained, but the second sentence (shown above in italics) was made a separate section, 30-209, except the clause, "and the source from which the property came into the coverture," was eliminated. We can see no

reason why the clause just above quoted should have been retained in any Code subsequently to the passage of the married woman's act of 1866, p. 146 (Code, § 53-502), as it is clear that the clause was a provision favoring the wife and predicated upon the husband's marital rights as they existed before the passage of the married woman's act.

Under the Code of 1863, § 1676, above quoted, a part of which was italicized, it was essential in all petitions for divorce to file a schedule of the property of both parties, so that upon the second trial the source from which the property was acquired by the husband could be ascertained. At that time all of the realty and personalty of the wife owned at the time of marriage or acquired thereafter, with certain exceptions, vested in the husband. Code, 1863, §§ 1701 et seq. Accordingly, in order that the jury might provide the proper amount of permanent alimony for the wife, and in so doing take into consideration the amount of property acquired by the husband by reason of the husband's marital rights, it was essential that a schedule of the property giving the source from which it was acquired be attached to the petition. Upon the passage of the married woman's act of 1866, p. 146, the marital rights of the husband were abolished, and thereafter the property of the wife acquired before and after marriage no longer vested in the husband. Therefore, subsequently to the married woman's act, it became unnecessary where the only issue was that of divorce for the jury to take into consideration property rights acquired by the husband by reason of coverture. There was then no question of any property of the husband being acquired from his wife by reason of his marital rights, since such property as the wife had at the time of marriage, or acquired during coverture, remained her separate estate. After the passage of the married woman's act, the reason for requiring a schedule of the property of both parties, where only a partial or total divorce is sought, no longer exists. Accordingly, where the only issue to be submitted to the jury is the question of divorce or no divorce, it is not now necessary to attach a schedule of the property owned by the parties, as this would serve no useful purpose. And the Code, § 30-115, in so far as it refers to "the disposition to be made of the scheduled property," has no application where the sole issue is that of divorce. In *McCord* v. *McCord,* 140 *Ga.* 170 (78 S. E.

833), the original record shows that the case was a suit for divorce where no question of alimony was involved, and it was stated: "The court did not err in refusing, upon oral motion in the nature of a general demurrer at the trial term, to dismiss the petition in this case on the ground that a schedule of. the property of the plaintiff and defendant was not attached to the petition."

To construe the part of the Code, § 30-111, relating to the "schedule" of property, and the portion of. section 30-115 as to the "disposition to be made of the scheduled property," as being mandatory upon the petitioner and the jury in cases where only the question of divorce, and no question of alimony, was involved, would also be contrary to our basic rules of pleading. Since the adoption of the married woman's act we find no instance where alimony was awarded, or any property rights determined, in the absence of pleading and prayer therefor; and the language of some previous decisions would indicate that pleading and prayer therefor was necessary. *Campbell* v. *Campbell,* 90 *Ga.* 687 (16 S. E. 960); *Anglin* v. *Anglin,* 145 *Ga.* 822 (90 S. E. 73).

█ Neither does the constitutional provision contained in the Code, § 2-4202, that, "When a divorce is granted, the jury rendering the final verdict shall determine the rights and disabilities of the parties," require a different construction of the above-discussed Code sections; nor can this provision be construed so as to require the jury to determine all property rights between the parties where the only issue is that of divorce. Under the constitution of 1865 (Code of 1868, § 4964), it was provided that, where a total divorce is granted, the court "shall regulate the rights and disabilities of the parties." Under the constitution of 1868, it was provided that the "jury rendering the final verdict shall determine the rights and disabilities of the parties, subject to the revision of the court." Code of 1873, § 5116. The constitution of 1877 struck the phrase, "subject to the revision of the court," leaving the right to determine the rights and disabilities of the parties solely with the jury rendering the final verdict. *Clark* v. *Cassidy,* 62 *Ga.* 407 (6); *Burns* v. *Lewis,* 86 *Ga.* 591 (2) (13 S. E. 123), *Montfort* v. *Montfort,* 88 *Ga.* 641 (15 S. E. 688).

From an examination of these constitutional provisions, it is apparent that the "rights and disabilities" were such as emanated

from the dissolution of the marriage contract. Under each of the sections referred to in the three different constitutions, the sole subject-matter dealt with was that of divorce, and necessarily the rights and disabilities referred to therein were marital rights and marital disabilities—the right to remarry or the disability to remarry. To construe the language to include property rights, would be to add a meaning to this section of the constitution foreign to the subject there being considered. It is significant that, under this paragraph of the constitution of 1865, it devolved upon the court to regulate the rights and disabilities of the parties, and, by a similar provision in the constitution of 1868, the jury rendering the final verdict fixed these rights, subject however to the power of revision by the court. Under each of those constitutions, issues of fact affecting property rights in general were submitted to a jury. So, where there were provisions in the constitution of 1865 that the court "shall regulate the rights and disabilities of the parties," and in the constitution of 1868 that the jury verdict was "subject to the revision of the court," it is manifest that these rights there referred to, which were either determined or revised by the court, were not property rights, but marital rights. When the framers of the constitution of 1877 adopted the identical language contained in the constitution of 1868, with the exception of striking the phrase, "subject to the revision of the court," this merely divested the court of any right to revise the jury verdict as to marital rights, but did not expand the rights involved so as to include the addition of property rights.

*Judgment affirmed. All the Justices concur.*

JENKINS, Presiding Justice, DUCKWORTH, and CANDLER, Justices, concurring specially. The cases of Price v. Price, 90 Ga. 244 (15 S. E. 774), Morgan v. Morgan, 157 Ga. 907 (123 S. E. 13), and Duncan v. Duncan, 184 Ga. 602 (192 S. E. 215), do not hold by implication that the independent property right claim and the petition for divorce constituted one and the same cause of action. That was not the question dealt with. Had such been the ruling made, the effect would have been to bring them and this case under the rule of res judicata, which declares that all questions which were or *might* have been adjudicated in the same cause of action will be treated as having been actually adjudicated. Different but related causes of action can be properly joined in the

same suit by separate counts, and, even where not in separate counts, objection on the grounds of multifariousness or misjoinder must be taken by timely special demurrer. In none of the cases just mentioned does it appear that any such question was raised or that any such timely objection was entered, even though separate counts might not have been employed. We are of the opinion that the independent suit for land and the suit for divorce do not constitute the same, but constitute separate and independent causes of action. Were this not the case, it is our opinion that the instant case should be decided differently.