32339.  MERCK *v.* FLYNN.

DECIDED JULY 12, 1949.  REHEARING DENIED JULY 27, 1949.

*Frank Grizzard,* for plaintiff in error.

*Thomas E. McLemore,* contra.

MacIntyre, P. J. "A judgment rendered in litigation between the same parties is not conclusive in a subsequent suit between them on a different cause of action, *except as to issues actually made and determined in the former litigation." Worth* v. *Carmichael,* 114 *Ga.* 699 (40 S. E. 797) ; *Acree* v. *Bandy,* 20 *Ga. App.* 133 (92 S. E. 765) ; *Price* v. *Carlton,* 121 *Ga.* 12 (48 S. E. 721, 68 L. R. A. 736) ; *Draper* v. *Medlock,* 122 *Ga.* 234 (50 S. E. 113, 69 L. R. A. 483, 2 Ann. Cas. 650) ; *Callaway* v. *Irvin,* 123 *Ga.* 344 (51 S. E. 477) ; *Farmer* v. *Baird,* 35 *Ga. App.* 208 (132 S. E. 260) ; *Security Ins. Co.* v. *Eakin,* 41 *Ga. App.* 257 (152 S. E. 606) ; *Capps* v. *Toccoa Falls Light &c. Co.,* 46 *Ga. App.* 268 (167 S. E. 530) ; *Cravey* v. *Druggists Co-op. Ice-Cream Co.,* 66 *Ga. App.* 909 (19 S. E. 2d, 845). Where such a judgment is pleaded in estoppel, "in order for the former decision to be conclusive, it must have been based, not merely on purely technical grounds, but at least in part on the merits where under the pleadings they were or could have been involved." *Sumner* v. *Sumner,* 186 *Ga.* 390 (197 S. E. 833) ; *Thompson* v. *Thompson,* 199 *Ga.* 692 (35 S. E. 2d, 262) ; *Morris* v. *Georgia Power Co.,* 65 *Ga. App.* 180, 185 (15 S. E. 2d, 730) ; *Loveless* v. *Carten,* 64 *Ga. App.* 54 (12 S. E. 2d, 175).

Applying the foregoing rules to the facts of the instant case, the issue of Merck's title or the validity of the contract or agreement under which he claimed title in the petition for injunction and in the counter-affidavit to the dispossessory-warrant proceed-

ing had not been adjudicated by the decision of the Supreme Court (*Flynn* v. *Merck*, 204 *Ga.* 420, 49 S. E. 2d, 892), which was introduced in evidence. The Supreme Court in that case reversed the ruling of the superior court for its action in over-ruling the defendant's (Flynn's, in that case) demurrer to the petition for injunction upon two grounds only, as stated in the opinion: "(1) that an adequate remedy at law was available [by filing the counter-affidavit in the dispossessory-warrant proceeding], and (2) that no ground for equitable relief is alleged." The court elsewhere stated in the decision, "There is no prayer for specific performance, cancellation, or decree of title." In the Supreme Court decision, no question of title could possibly have been adjudicated under the state of the pleadings as they existed in that court. The Supreme Court simply held that Merck's petition for injunction would not lie to enjoin the dispossessory proceeding. Under the state of the pleadings as they exist after the filing of the counter-affidavit, the question is raised whether Merck is in possession of the premises under a valid claim of ownership. The Civil Court of Fulton County erred, therefore, in sustaining the motion to strike the counter-affidavit as having been previously adjudicated.

*Judgment reversed. Gardner and Townsend, JJ., concur.*