### 33226. DENSMORE *v.* BROWN *et al.,* trustees.

MACINTYRE, P. J. Where it appears from the allegations of a petition for certiorari and the answer of the respondents to the writ issued thereon that the plaintiff, on September 13, 1948, filed an application for a pension with the Board of Trustees of the Pension Fund of the Police Department of the City of Atlanta, and said board, after a hearing thereon, did, on January 12, 1949, deny the application, and it appears further that the plaintiff applicant did not appeal from the decision, denying the pension, by certiorari, but sought a writ of mandamus which was denied by the superior court, which judgment was affirmed by the Supreme Court, on February 16, 1950, holding that mandamus would not lie, as certiorari was the proper remedy (*Densmore* v. *West,* 206 *Ga.* 531, 57 S. E. 2d, 675); and it further appears that the plaintiff renewed his application for a pension on February 22, 1950, basing the application upon the identical facts upon which he had based his first application, there being no evidence of changed conditions, and the board denied the second application on May 8, 1950—it was not error for the superior court to overrule the certiorari, thereby sustaining the board in its denial of the applicant's right to file a second application for pension involving the same facts and matters set forth in his first application. The judgment of the board, rendered on January 12, 1949, after a hearing thereon, from which no proper appeal was taken, is conclusive upon the plaintiff. The doctrine of res adjudicata applies to such an unreversed order or decree. *Jones* v. *American Mutual Liability Insurance Co.,* 48 *Ga. App.* 351 (172 S. E. 600); *Gravitt* v. *Ga. Casualty Co.,* 158 *Ga.* 613, 615, 618 (123 S. E. 897); *Ætna Life Insurance Co.* v. *Davis,* 172 *Ga.* 258 (157 S. E. 449); *Sutton* v. *Macon Gas Co.,* 46 *Ga. App.* 299 (2) (167 S. E. 543). We recognize the principles upon which the plaintiff relies, that the doctrine of res adjudicata is not available as a bar to a subsequent action if the judgment in the former action was rendered because of a misconception of the remedy available or of the proper form of proceedings, and unless the former judgment was based upon the merits. These principles are sustained by the following authorities relied upon by the plaintiff: Code, §§ 110-501, 110-503; *Sumner* v. *Sumner,* 186 *Ga.* 390 (197 S. E. 833); *Anderson* v. *Black,* 199 *Ga.* 59 (33 S. E. 2d, 298, 158

A.L.R. 354); *Thompson* v. *Thompson,* 199 *Ga.* 692 (35 S. E. 2d, 262); *Stowers* v. *Harris,* 194 *Ga.* 636 (22 S. E. 2d, 405); *Kent* v. *Citizens Mutual Investment Assn.,* 186 *Ga.* 91 (196 S. E. 770); *First National Bank* v. *Williams,* 62 *Ga. App.* 203 (8 S. E. 2d, 562); *Merck* v. *Flynn,* 79 *Ga. App.* 759 (54 S. E. 2d, 646); *Puett* v. *Edwards,* 17 *Ga. App.* 645 (88 S. E. 36); *Woodland Hills Co.* v. *Coleman,* 73 *Ga. App.* 409 (36 S. E. 2d, 826); *Smith* v. *Bird,* 189 *Ga.* 105 (5 S. E. 2d, 336); 30 Am. Jur. 946, § 210. The plaintiff in this case, however, misconceived his *appellate* remedy after a hearing and judgment on the merits of the board of trustees. It is this first judgment of the board which bars the plaintiff's second application based upon the same facts, not the judgment of the Supreme Court, affirming the judgment of the superior court refusing the mandamus absolute.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*

DECIDED FEBRUARY 27, 1951.

*Ralph R. Quillian,* for plaintiff.

*J. C. Savage, J. C. Murphy, J. M. B. Bloodworth, John E. Feagin, Henry L. Bowden,* for defendants.