## WRENN v. DAVIS.

HILL, J. 1. Where suit was brought against the indorser of a coupon note on December 13, 1910, and at the trial term of court the plaintiff introduced the note sued on, "which defendant admitted had been paid by the heirs at law of the maker thereof after the filing of the suit," and the plaintiff's attorney stated that at the time of payment he expressly reserved all rights to claim against defendant his attorney's fees and costs of this suit, and the credit on the note was worded, "Received $66.65 in full of this coupon, Nov. 7th, 1911," which was signed in the name of the plaintiff by her attorney at law, it was error to enter judgment against the plaintiff for costs of suit.

2. The coupon note, a copy of which was introduced in evidence, contained no express stipulation to pay attorney's fees, but it contained a clause stating that it was for "semi-annual interest on the note hereto attached, of even date herewith, and subject to all the conditions of said note." The main note referred to as "hereto attached" is not set out

in the record or bill of exceptions, but the plaintiff alleged in his petition as follows: "That said coupon note represents the semi-annual interest upon a certain principal note for the sum of $2,000, indorsed by defendant, which said note contained a clause obligating defendant to pay 10% as attorney's fees, on principal and interest, waiving notice of protest and protest and non-payment of said note, also presentment for payment." So far as the record shows, no answer was filed denying this allegation. When the case was presented to the court it was, therefore, to be treated as prima facie true. Civil Code, § 5539. If such be the real state of the record, judgment should have been rendered for the attorney's fees also.

*Judgment reversed. All the Justices concur.*
JANUARY 25, 1913.

Complaint. Before Judge Pendleton. Fulton superior court. November 7, 1911.

*E. L. Douglas,* for plaintiff.