## AUSTIN *v.* AUSTIN.

No. 7699.   JANUARY 22, 1931.

814

*V. E. Adams* and *A. B. Knowles,* for plaintiff in error.

*Morris, Hawkins & Wallace,* contra.

RUSSELL, C. J. ■ The foregoing statement delineates all the facts of this case; and we might be content to confine ourselves to a very brief statement in the syllabus of elementary principles of law which are well recognized. However it is not improper, even in affirming a judgment of the trial court, to make plain the application of our rulings of law to the facts of the particular case. Especially is that true when, as in the present instance, the circumstances of two distinct cases are to be considered. Mrs. Austin filed suit for divorce against her husband, in Fulton superior court. No alimony was asked. But the law requires that a petitioner for divorce must make a schedule of the property claimed by him or her. This she did. The defendant filed an answer and cross-bill for divorce, and in doing so denied that the plaintiff owned the property set forth in her schedule, and claimed that it was his own. Several months after the filing of his answer, the husband filed an equitable petition in the superior court of Cobb County, the home of the wife, where the real estate referred to in the answer in the divorce case was located, praying that the title to that land be decreed to be in him. Mrs. Austin filed a general and a special demurrer. This was sustained on March 3, 1928, and the petition was dismissed. There was no exception to that judgment, and it was a final adjudication of the title to the property in favor of Mrs. Austin and against all claims of the husband.

■ The filing of a schedule of the property owned by both parties in an application for divorce is not a provision for determining disputes as to title to land. This seems necessarily to be so, because ejectment and complaint for land must both be brought in the county in which the land lies, while a suit for divorce, or divorce and alimony, whether brought by the wife against the husband, or by the husband against the wife, must be brought in the county in which the defendant resides; and it is perfectly possible

for such defendant to own land not in the county of his residence, though, for the purposes of the application for divorce, land owned by the defendant in the divorce suit as well as that owned by the petitioner, regardless of its location, is required to be stated in the schedule. The primary purpose of this requirement is to enable the court to determine, from the value of the property, questions as to non-support of the wife, or failure to support amounting to cruel treatment, etc.; for the court to determine what amount of counsel fees shall be allowed to enable a wife to maintain an action in her own behalf or to defend one brought against her. There was no application for alimony in this case; but in cases where alimony is asked, the provision for a schedule of the property of both parties may well be used in assisting the trial judge in the exercise of his discretion in awarding alimony. In filing her divorce suit in Fulton superior court Mrs. Austin was in no sense submitting herself to the jurisdiction of that court for any purpose other than for the divorce suit, and such relief as might be incidental to the suit for divorce, such as the removal of her disabilities or the restoration of her maiden name, etc. The filing of her divorce suit did not confer jurisdiction for adjudicating the title to the property in Cobb County, certainly after the title to the land in question had already been finally adjudicated in the superior court of Cobb County. The demurrer to Austin's petition in regard to the land in Cobb County was sustained and the petition dismissed on March 3, 1928, and not until September 25, 1929, did he file the amendment by which he sought to have the title to the property in question decreed to be in him, or that it be divided equally between plaintiff and defendant, and that the question of the proper distribution of said property be submitted to the jury trying the case under proper instructions from the court. For reasons already stated, we are clear in the opinion that an action for divorce can not be amended into a suit for recovery of land, or an equitable petition for its partition by equal division, and we think that the correctness of this opinion is demonstrated by the circumstances of this case. The divorce suit in Fulton superior court, which was brought by the present defendant in error merely for the purpose of obtaining a divorce without alimony, concluded in a decree in which the defendant was awarded title and right of possession to a lot of land in Cobb County, and against a party who also resided in Cobb County.

820

We do not think that the stock of a divorce tree can be grafted or budded so as that by amendment it will produce a writ of possession, which may fruit into a dispossessory·warrant. The judge of the superior court of Fulton County entertained the same view. Upon the decree rendered in the divorce case the present plaintiff in error sued out a dispossessory warrant, and the wife, the present defendant in error, filed an equitable petition in the superior court of Fulton County, praying that the decree obtained by her husband, Sanford C. Austin, be vacated and set aside. Austin filed demurrers to the petition. The court, after sustaining some of the demurrers and thereby striking certain portions of the petition, overruled the defendant's demurrer based upon res adjudicata, which if it had been sustained would have worked a final disposition of the case; and to this judgment the present plaintiff in error excepted.

■ The judge of the superior court did not err in overruling the demurrer; and the judgment is

*Affirmed. All the Justices concur.*