### JOHNSON *v.* UPCHURCH *et al.*

JENKINS, Presiding Justice. 1. A motion to dismiss a bill of exceptions, based on exceptions taken to the overruling of a renewed demurrer to a petition which had been materially amended, is without merit. *Tingle* v. *Maddox,* 186 *Ga.* 757, 758 (2) (198 S. E. 722).

2. "Trusts are either express or implied. Express trusts are those created and manifested by agreement of the parties. Implied trusts are such as are inferred by law from the nature of the transaction or the conduct of the parties." Code, § 108-104.

3. "All express trusts shall be created or declared in writing." Code, § 108-105.

4. A petition seeking to establish an implied trust will fail where all the allegations relied on are based solely upon an oral agreement setting up an invalid express trust. *Jones* v. *Jones,* 196 *Ga.* 493 (26 S. E. 2d, 602), and cases cited. If, however, as was recognized in the *Jones* case, and as appears to have been alleged in *Pittman* v. *Pittman,* 196 *Ga.* 397 (26 S. E. 2d, 764), and *Hall* v. *Turner,* 198 *Ga.* 763 (32 S. E. 2d, 829), it is made to appear from all the alleged facts and circumstances surrounding a transaction that an implied trust was established, the mere fact that there may have been an abortive attempt to establish by parol an express trust, does not operate to destroy the implied trust which the facts and circumstances otherwise establish.

5. This is an equitable proceeding to establish an implied trust, and to enforce thereunder a conveyance of a one-third interest in certain property. It appears from the petition that the defendant was the only child who could pass a physical examination for a life-insurance policy, which a lending agency required before making a loan on the father's property; that the father, for the sole purpose of procuring such a loan, conveyed the fee-simple title to such property by warranty deed to the

defendant daughter, who proceeded to procure the loan; that prior to said conveyance a parol agreement was entered into between the grantor father, the grantee daughter, and the grantor's other two daughters, to the effect that upon the father's death the grantee daughter would convey to each of her two sisters a one-third interest in said property, and by reason of such agreement the grantee daughter was able to obtain the consent of the other two daughters to such conveyance; that up until the time of the father's death he had remained in possession of the property, and had received the income therefrom; and that after the father's death the grantee daughter refused to convey to the plaintiff daughter a one-third interest. Applying these allegations to the rules of law set forth in the preceding divisions of this syllabus opinion, a finding setting up an implied trust would be authorized if and when the allegations of the petition are proven; and the fact that it might also appear that there was an abortive illegal attempt to set up an express trust by parol would not militate against the rights of those seeking to establish an implied trust under the surrounding facts and circumstances alleged. Indeed, as was held in *Guffin* v. *Kelly*, 191 *Ga.* 880, 886 (14 S. E. 2d, 50) the existence of such an express oral understanding may be shown, "not as fixing the interest to be owned by the parties, but as rebutting the inference of a gift by the plaintiff." See, to the same effect, *Hadaway* v. *Hadaway*, 192 *Ga.* 265 (14 S. E. 2d, 874); 3 Scott on Trusts, §§ 482, 485, 486, and citations.

6. Under the foregoing ruling, the court did not err in overruling the demurrer to the petition. *Judgment affirmed. All the Justices concur.*

No. 15479. JUNE 4, 1946.

*Boykin & Boykin,* for plaintiff in error.

*J. L. Smith* and *O. W. Roberts Jr.,* contra.