PRICE *v.* PRICE.

624

No. 16724.  JULY 14, 1949.

*McGowan & McGowan,* for plaintiff.

*Gilbert E. Johnson,* for defendant.

HAWKINS, Justice. (After stating the foregoing facts.) ■ It would seem that the first question which this court should determine is whether or not the trial court properly sustained the general demurrer to the petition. If this judgment be correct, it will be unnecessary to pass upon the other questions presented with reference to the demurrers to the answer.

The petition in this case alleges: that the plaintiff paid the initial down payment on the property here involved before it was conveyed to the defendant by the grantor; that it was understood between all of the parties that he was to pay the balance of the purchase-price, and he did pay so much thereof as had been paid up until the date of the separation between him and the defendant; that title to the property was placed in the name of his wife for convenience only; that during all this time the defendant recognized the property as his, and stated on several occasions that she would transfer the title to him at any time he wanted her to do so; that during all of the time they lived together the defendant recognized the plaintiff's equitable title to the property, and did not assert any claim thereto until after their separation; and that it was fully understood between the plaintiff and the defendant that no gift was intended, and the defendant understood that she was to hold the title in trust for the plaintiff.

In *Williams* v. *Porter,* 202 Ga. 113 (1) (42 S. E. 2d, 475), it is held: "An implied resulting trust may be established by proof of part payment of the purchase-money, by the person claiming the benefit of the trust, at or before the time title is conveyed to another." In *McCollum* v. *McCollum,* 202 *Ga.* 406 (43 S. E. 2d, 663), this court held: "(1) An implied trust results from the fact that one person's money has been invested in land and the conveyance taken in the name of another. It is a mere creature of equity. (a) An implied trust may arise from a payment of a portion of the purchase-money. (b) An express oral promise by the grantee to hold in trust for another will not operate to defeat a resulting trust, where, on the special equities

growing out of the transaction, the law would, in the absence of such agreement, imply a trust." See also *Berry* v. *Brunson,* 166 *Ga.* 523 (143 S. E. 761). In *Jackson* v. *Jackson,* 150 *Ga.* 544 (104 S. E. 236), the following principles are announced: "Where a husband pays the purchase-money of land from his own funds and has the land conveyed to his wife, the presumption which the law raises is that the husband intended to make a gift to his wife; but the presumption is a rebuttable one, and a resulting trust in favor of the husband may be shown. Parol evidence of the nature of the transaction, or the circumstances, or the conduct of the parties, is admissible to rebut the presumption of a gift; but in order to rebut the presumption of a gift the proof must be clear and convincing."

While, as held in *Jones* v. *Jones,* 196 *Ga.* 492 (26 S. E. 2d, 602), a petition seeking to establish an implied trust will fail where all the allegations relied on are based solely upon an oral agreement setting up an invalid express trust, where the petition alleges sufficient facts and circumstances to establish an implied trust by reason of the part payment by the plaintiff of the purchase-money at or before the time title was conveyed to the defendant, and subsequent payments made in accordance with the original intention, the existence of an express oral understanding on the part of the parties that no gift was intended, but that the defendant was to hold the title in trust for the plaintiff may be shown, "not as fixing the interest to be owned by the parties, but as rebutting the inference of a gift by the plaintiff." *Guffin* v. *Kelly,* 191 *Ga.* 880, 886 (14 S. E. 2d, 50); *Hadaway* v. *Hadaway,* 192 *Ga.* 265 (14 S. E. 2d, 874); *Pittman* v. *Pittman,* 196 *Ga.* 397 (26 S. E. 2d, 764); *Hall* v. *Turner,* 198 *Ga.* 763 (32 S. E. 2d, 829); *Harper* v. *Harper,* 199 *Ga.* 26 (33 S. E. 2d, 154); *Johnson* v. *Upchurch,* 200 *Ga.* 762 (38 S. E. 2d, 617).

Taking as true the properly pleaded allegations of the petition, as we must on demurrer (*Collier* v. *Mayflower Apartments Inc.,* 196 *Ga.* 419, 424, 26 S. E. 2d, 731; *Higginbotham* v. *Adams,* 192 *Ga.* 203, 207, 14 S. E. 2d, 856), the petition set forth a good cause of action for the establishment of an implied resulting trust in favor of the plaintiff to the extent of the purchase-price

paid by him, and the trial court erred in sustaining the general demurrer thereto.

We do not mean by this, however, to hold that the plaintiff could, as he sought to do in paragraph eight of his petition, set up a parol agreement to the effect that at the time of the separation between the plaintiff and the defendant in October, 1946, it was understood between them that the payments on the loan would be kept up by the defendant out of the $100 per month alimony payment which the plaintiff volunteered to make to the defendant. The decree which was entered by consent of the parties in the divorce and alimony proceedings between the plaintiff and the defendant on June 10, 1947, and which appears in the record, provided for the payment of $100 per month by the plaintiff to the defendant as alimony for the support of her two minor children. No reference is made in this decree to any requirement that the defendant should apply any portion of this alimony on the loan against the property here involved, but the decree specifically provides that this $100 shall be apportioned $50 per month for the support and maintenance of each child until it reaches the age of 18 years. The plaintiff cannot thus add to or vary the terms of this decree of court by proof of an alleged oral agreement made at the time of the separation in October, 1946, and prior to the entering of the written decree on June 10, 1947. Code, § 38-501; *Charles* v. *Sterling Security & Brokerage Co.*, 182 *Ga.* 480 (3) (185 S. E. 807); *Cottle* v. *Tomlinson*, 192 *Ga.* 704 (16 S. E. 2d, 555); *Smith* v. *Newton*, 59 *Ga.* 113 (5); *Stell* v. *Glass*, 1 *Ga.* (1 Kelly) 475; *Roberts* v. *Investors Savings Co.*, 154 *Ga.* 45 (5) (113 S. E. 398). Since the petition set forth a good cause of action for part of the relief sought by the plaintiff, it was error to sustain a general demurrer going to the whole pleading. *Blaylock* v. *Hackel*, 164 *Ga.* 257 (5) (138 S. E. 333).

■ Having held that the petition was good as against general demurrer, it becomes necessary to pass on the assignments of error based on rulings on demurrers to the answer and the amendment thereto. In her original answer the defendant denied the material allegations of the petition, expressly denying that there was ever any agreement between the plaintiff and the defendant that she would convey the property involved to the

plaintiff, and alleging that the plaintiff has on no occasion asked her to do so; and in paragraphs 4, 5, 6, 7, and 8 of the answer she makes certain allegations as to relations existing between the parties while living together as husband and wife and as to the cause of the separation which resulted in the divorce being granted, and a copy of the decree in the divorce case is set out as an exhibit to the answer. To these allegations the plaintiff demurred on the ground that they were irrelevant and immaterial and should be stricken. This demurrer was overruled, and to this judgment the plaintiff excepted. This demurrer was properly overruled, for the allegations with reference to the relations existing between the parties at the time of the purchase of the property and subsequently thereto were relevant and illustrative of the question of whether or not an implied resulting trust existed in favor of the plaintiff with respect to the property in question, or whether the payment by the plaintiff of a part of the purchase-price of the property and having the title thereto placed in the defendant constituted a gift. However, in paragraph 9 of the original answer the defendant alleges "that she worked for a salary during a portion of their married life, and that all of the money she made was applied to the payment of the property which the plaintiff is now claiming in this suit to be his." To this part of the answer the plaintiff demurred on the ground that the allegations are "ambiguous and insufficient, it not appearing what definite amounts were paid by the defendant, the dates of such payments, and to whom such payments were made." This ground of the demurrer is well taken and should have been sustained, for in *Hemphill* v. *Hemphill*, 176 *Ga.* 585 (168 S. E. 878), it is held: "But in the present case the allegations as to the amount of the purchase-money, and the sums contributed thereto by each of the parties, were subject to special demurrer for indefiniteness; and the allegations as to the aggregate sum delivered by the plaintiff to the defendant through a period of years, for purposes stated in the petition, were subject to special demurrer on the ground that the amounts and dates of the separate transactions were not stated." The remaining ground of the demurrer to the original answer was without merit.

■ On March 25, 1949, the defendant filed an amendment to her original answer in the nature of a plea of res judicata, or

plea in bar, in which she alleged that on November 12, 1946, she filed her suit for alimony in Chatham Superior Court against the plaintiff, which was served on him on November 15, 1946, and in which she alleged that the property now involved was her property, a copy of the .alimony suit being attached as an exhibit to the amendment. She further alleges that a divorce proceeding was filed by the defendant against the plaintiff in the same court on May 13, 1947, upon which the plaintiff acknowledged service on that date, and a copy of this divorce proceeding is also attached to the answer as an exhibit. She further alleges that the alimony and divorce proceedings were consolidated by an agreement of the parties signed on June 9, 1947, and filed in court on the following date, which agreement was as follows:

"An action for temporary and permanent alimony and custody of two minor children was filed in this court on 12th day of November, 1946, by plaintiff, Mrs. Albina A. Price v. defendant, Walker H. Price, and Robert E. Falligant, Esq., appearing as attorney for said defendant in said alimony action, and by consent defendant agreed to pay plaintiff the sum of one hundred ($100) dollars per month as temporary alimony for the support of said two minor children named in said petition, and also that plaintiff shall have temporary custody of said two minor children. An independent action for divorce was filed in this court on 13th day of May, 1947, by said plaintiff, Mrs. Albina A. Price v. said defendant, Walker H. Price, and said two actions, viz.: permanent alimony and custody action and divorce proceeding are now pending in this court.

"By agreement of counsel, viz.: Robert E. Falligant and Edward J. Goodwin, Esq., said two actions are consolidated in divorce action, and agree that temporary alimony provisions of one hundred ($100) dollars per month, viz.: fifty ($50) dollars for each minor child, shall be made a permanent order and decree of this court, and agree further that permanent custody of said two minor children named shall be granted to said plaintiff, Mrs. Albina A. Price with right of said defendant, Walker H. Price, to see and visit said children at reasonable times and under reasonable circumstances."

She further alleges in paragraph 16 of the amendment to the

answer that, on June 10, 1947, a judgment and decree was entered deciding and determining the issues made in the suits for alimony and divorce as aforesaid; that by reason of said decree all issues as to the ownership to and rights in the property sued for in this case were determined and decided, or could have been determined and decided, and cannot now be raised, as the plaintiff is attempting to do in the pending suit, and praying that the suit against her be dismissed. The decree granted in the consolidated alimony and divorce cases is as follows:

"It appearing to the court that there was an action for temporary and permanent alimony and custody of minor children filed in this court by plaintiff, Mrs. Albina A. Price v. defendant, Walker H. Price in an independent action, and that by consent of the parties thereto, an order was taken in this court by consent in which defendant agreed to pay the sum of one hundred ($100) dollars per month for the support of two minor children, to wit, Aubrey W. Price, age six years, and Betty Faye Price, age three years, and that it was further provided that custody of said minor children shall remain with the mother, the plaintiff with right of defendant to see and visit said children at reasonable times;

"And it further appearing that by consent of Robert E. Falligant, Esq., attorney for plaintiff in alimony action, and Edward J. Goodwin, Esq., attorney for plaintiff in divorce action, two independent and separate actions, having agreed to consolidation of said actions and have agreed that the sum of one hundred ($100) dollars awarded as temporary alimony shall be made the permanent order of this court;

"It further appearing that temporary custody of said two minor children named, shall be granted to plaintiff with the right of said defendant to see and visit said children at reasonable times;

"It is ordered, upon consideration of the above-entitled divorce action—that no defense has been filed and no jury trial demanded by either party—upon evidence submitted to the court to sustain the allegations of the petition, it is the judgment of the court that a total divorce a vinculo matrimonii, upon legal principles.

"It is therefore ordered and decreed by the court that the marriage contract heretofore entered into between the parties to said

case be and is hereby set aside and dissolved as fully and effectually as if no such contract had ever been made and entered into.

"The rights and disabilities of the parties are fixed as follows: 'The plaintiff herein shall have the right to remarry and defendant shall have the right to remarry.'

"It is ordered that defendant, Walker H. Price, pay to plaintiff, Mrs. Albina A. Price, the sum of one hundred ($100) dollars per month as permanent alimony for the support and maintenance of two minor children of said marriage, viz, Aubrey W. Price, age 6 years, and Betty Faye Price, age 3 years, the said amount of one hundred ($100) dollars being apportioned, fifty ($50) dollars per month for the support and maintenance of each child, and said sum of fifty ($50) dollars for the support and maintenance of each child to be paid to plaintiff until each child reaches the age of eighteen years.

"That plaintiff, Mrs. Albina A. Price, shall have permanent custody of said two minor children, with right of said defendant, Walker H. Price, to visit and see said children at all reasonable times and under reasonable circumstances.

"Ordered that this judgment be held in suspense for thirty days from this date. If within thirty days from this date, no person at interest shall file in this court a written petition setting forth sufficient grounds for modification or setting aside this judgment, it shall then and thereafter be of full force and effect."

To this amendment the plaintiff filed objections and demurred upon the grounds: (1) that the answer as amended fails to show any defense to the petition; (2) that the new defensive matter set forth in the defendant's amendment in the nature of a plea in bar shows no defense to the petition; (3) that the amendment sets up new facts and a defense of which no notice was given by the original answer, and which was not verified or accompanied by an affidavit to the effect that at the time of the filing of the original answer the defendant did not omit the new facts or defense set out in the amended plea and answer for the purpose of delay, and that the amendment is not offered for delay; (4) that paragraphs 11, 12, 13, 14, and 15 of the amendment are irrelevant and immaterial; (5) that the matter set out in paragraph 16 of the amendment and answer as amended is irrelevant

and immaterial, and constitutes a conclusion on the part of the defendant; that no copy of the decree in the alimony and divorce proceeding is set out or attached to this paragraph, and that the plea in bar which the defendant attempts to set up as a defense could have been filed at the appearance term of said case and is now offered too late to be considered; (6) that the prayer of the amendment, that the suit pending against her should be dismissed, should be stricken for the reason that estoppel, to be available as a defense, must be proved by the party relying thereon, and that the jury should decide the issue of fact raised by such pleading; and by paragraphs 7, 8, 9, and 10 of the demurrer the plaintiff renews the grounds of his former demurrer to the original answer and to the answer as amended.

Under the stipulations and agreement entered into between counsel, which is quoted in the statement of facts, the trial court entered an order overruling the plaintiff's demurrers to this amendment, and sustaining the prayers thereof, and dismissing the petition. To this judgment the plaintiff also excepts. For the reasons stated in the preceding division of this opinion, the trial court did not err in overruling the 1st, 7th, 8th, 9th, and 10th grounds of the demurrer, nor did the court err in overruling paragraphs 3, 5, and 6 of the demurrer, in view of the stipulation and agreement between counsel that the court might consider the allegations of fact contained in this amendment in passing upon the questions presented by the pleading. By thus consenting for the court to consider the allegations of fact therein, the plaintiff waived his demurrer on the ground that the amendment came too late and was not properly verified. The demurrer on the ground that no copy of the decree in the alimony and divorce case was attached to the amendment was without merit, since the decree was already a part of the record. Nor did the court err in overruling the demurrer based upon the ground that the allegations of the amendment were irrelevant and immaterial. While we hold, for the reasons hereinafter pointed out, that the amendment to the answer did not set out a good plea of res judicata or plea of estoppel by judgment, the allegations thereof are not irrelevant and immaterial, for since the petition in the alimony case did allege that the plaintiff therein and the defendant here was the owner of the property now involved, and this

petition was served upon the present plaintiff who filed no answer thereto and made no denial thereof, these allegations and proof in support thereof might be considered by the jury on the trial upon the question of whether or not this constituted an admission by the present plaintiff that the property here involved did in fact belong to the defendant. Code, § 38-409; *Roberts* v. *McBrayer*, 194 *Ga.* 606, 616 (22 S. E. 2d, 165) ; *Barron* v. *Chamblee*, 199 *Ga.* 591, 600 (34 S. E. 2d, 828) ; *Hight* v. *Barrett*, 94 *Ga.* 792 (21 S. E. 1008) ; *Wrenn* v. *Davis*, 139 *Ga.* 374 (77 S. E. 169).

■ Did the trial court properly dismiss the petition on the theory that the amended answer set up a good plea of res judicata or plea of estoppel by judgment? We think not. While the petition in the alimony case as brought by the defendant against the plaintiff did allege that she was the owner of the property now involved, and no denial of this allegation was made by the defendant in that proceeding (the plaintiff here), and this alimony case was subsequently consolidated with the divorce proceeding instituted by the present defendant against the present plaintiff, and no answer was filed to this proceeding by the plaintiff, it appears from the pleadings in both proceedings and from the decree which was finally rendered that no issue was raised or adjudicated with respect to this land in that proceeding. The decree for alimony was based upon the agreement between the parties, and no reference whatever is made to the property here involved, either in the agreement or in the decree based thereon. While it is true that under the doctrine of res judicata "a judgment of a court of competent jurisdiction shall be conclusive between the same parties and their privies as to all matters put in issue, or which under the rules of law might have been put in issue in the cause wherein the judgment was rendered, until such judgment shall be reversed or set aside" (Code, § 110-501; *Evans* v. *Collier*, 79 *Ga.* 319, 4 S. E. 266), the allegation as to the ownership of the property here involved by the present defendant was made by her in the alimony case which was subsequently consolidated with her divorce case. No defense was filed to either. The decree entered did not mention or affect the title to the property. Whether the present plaintiff, who was the defendant in the alimony case, could have

properly set up his payment of a part of the purchase-price of the property and his claim of an implied resulting trust by reason thereof in the alimony and divorce case need not now be determined. But see, upon this subject, *Austin* v. *Austin*, 171 *Ga.* 812 (156 S. E. 667) ; *Council* v. *Statham*, 187 *Ga.* 13, 14 (3) (199 S. E. 229). Suffice it to say that the decree in the alimony and divorce case does not bar the plaintiff under the doctrine of res judicata from maintaining his present suit, which is based on a cause of action entirely different from that involved in the former alimony and divorce case; nor is the plaintiff precluded from maintaining the present suit on account of the doctrine of estoppel by judgment, since the questions now presented relating to property rights were not such matters within the scope of the pleadings as necessarily had to be adjudicated in order for the alimony and divorce decree to be rendered, and were not matters that were actually litigated in that case. *Thompson* v. *Thompson*, 199 *Ga.* 692 (35 S. E. 2d, 262) ; *Draper* v. *Medlock*, 122 *Ga.* 234 (50 S. E. 113). The trial court erred in overruling the second ground of the demurrer to the amendment to the answer and in sustaining the defendant's plea in bar and dismissing the petition.

*Judgment affirmed in part and reversed in part. All the Justices concur.*