### 20947.  DAVIS v. DAVIS.

HAWKINS, Justice.  Mrs. Myrtice T. Davis brought an action in Chatham County Superior Court against Homer R. Davis, her husband, seeking a divorce on the ground of cruel treatment, and an injunction to prevent him from remaining in her home, which they had occupied up until the time of the filing of the petition, and to prevent his remaining in and operating the place of business, consisting of a fish market and variety store located at 2415 West Broad Street, Savannah, Chatham County, Georgia, which she alleges has assets of approximately $8,000, and which place of business is in her name and purchased with her moneys, the home being located above said place of business.  She also alleged that

she "owns property in Jesup, Wayne County, Georgia." There were no children, and the plaintiff did not seek alimony. The prayers were for rule nisi, process, and (a) That she be granted a total divorce; (b) That title to the fish market and variety store be decreed to be vested in her, free of any claim or demand on the part of the defendant; (c) That the defendant be temporarily restrained and enjoined from remaining in their living quarters above the place of business, or in the store itself, or from operating the same, or in anywise being permitted to interfere with the operation of said place of business.

The husband's answer and cross-action denied the allegations of cruel treatment, alleging that at all times he has made plaintiff a good and affectionate husband, and has not given her grounds for complaint, and that plaintiff has no grounds for divorce against him; that in November, 1956, plaintiff purchased, and started operating in December, 1956, a fish market under the name of Myrtice McCook Davis, located at 2415 West Broad Street, Savannah, Chatham County, Georgia; that a lease was entered into for the premises under the names of Homer R. Davis and Myrtice McCook for a period of three years; that at the start of this business defendant put in his own money in the amount of $250; that plaintiff and defendant operated said business jointly, neither receiving any substantial benefits, and that they were subsequently married August 21, 1957; that prior to said marriage and until the date of the filing of these proceedings both plaintiff and defendant contributed their full time, efforts and labors to said fish market; that during the operation thereof the proceeds derived therefrom were placed back into the business or deposited in a named bank under the name of Myrtice McCook Davis, except for living expenses; that defendant believes that there is in said bank the sum of $1,765 belonging to defendant; that at the time of said marriage defendant owned a bedroom suite, living room suite, stove, and refrigerator, which furniture is now in possession of plaintiff; that there is located in said fish market equipment of the market value of approximately $2,500, which defendant asks that plaintiff be restrained from disposing of; that, in addition, there is a 1959 GMC pickup truck, which was purchased with funds derived from the operation of said store,

and defendant asks that plaintiff be restrained from disposing of this truck; that the fish market, bank accounts, equipment, and trucks of the value of $8,000 were all derived from the joint contributions of plaintiff and defendant, and that he should be awarded fifty percent of the assets of said market. His prayers were (a) That the prayers of plaintiff be denied; (b) That a temporary restraining order issue preventing plaintiff from disposing of any of the equipment, furniture, or stock other than from normal sales in the operation of said fish market, and that plaintiff be restrained from withdrawing any moneys from the Citizens & Southern Bank, Savannah, Georgia, until further order of the court; (c) That defendant be awarded fifty percent of the assets of all property, funds, and equipment of McCook's Fish Market; (d) For rule nisi; and (e) For general relief.

On September 14, 1959, the trial judge issued an order requiring the defendant to appear on September 23, 1959, to show cause why a temporary injunction should not issue as prayed in the petition, and further temporarily restrained the defendant from remaining in the premises located above the place of business, and from remaining in the place of business, or in anywise participating in its operation, or with interfering with its operation until the further order of the court.

On September 16, 1959, the trial judge issued a further order, reciting that "the plaintiff is temporarily restrained from disposing of any of the assets, funds, or equipment of said McCook's Fish Market, at 2415 West Broad Street, Savannah, Georgia, normal sales of business excluded, until the further order of this court. It is further ordered that plaintiff be restrained and enjoined from withdrawing any funds from the Citizens & Southern National Bank, 2112 Bull Street, Savannah, Georgia, and said bank is temporarily enjoined from making any disbursements from the account of Myrtice McCook Davis until further order of this court." He also set September 23, 1959, to show cause why a temporary injunction should not issue as prayed in the answer and cross-action.

The case proceeded to trial, and on December 29, 1959, the jury returned the following verdict: "The plaintiff may not have the right to remarry, the defendant may not have the right to remarry. We award for the defendant: $3,000 plus 1959

GMC Truck and said defendant will pay all remaining payments due the C. & S. Natl. Bank on said truck. The $3,000 to be disbursed as follows: $1,000 now on deposit to be paid now. The remaining $2,000 to be paid in $50 monthly instalments plus interest at the rate of 6% per annum, with the first instalment coming due January 1, 1960, and each month thereafter on the same date until paid in full. In the event the Fish Market and Variety Store located at 2415 West Broad Street should become insolvent or dissolved the balance owing the defendant shall become due and payable. The plaintiff may' elect to pay the defendant the outstanding balance in lump sum at any time without penalty. Upon completion of the foregoing terms the defendant will not have any further claim on this business." On the same date this verdict was made the judgment of the court.

A motion for new trial on the general grounds was filed December 30, 1959, which was amended on April 6, 1960, by adding five special grounds, numbered 4 through 8, complaining of the following charge of the court: "The jury may render a verdict in this case for the property in dispute. However, you would be confined to the property described in the pleadings. You could find that the plaintiff is entitled to all of the property. In this event your verdict should remain silent. This would mean that the property would still remain in the plaintiff. Or you could find that the plaintiff and the defendant are entitled to certain portions of the property. In this event it would be necessary' for you to describe and set forth the property in your verdict."

A motion to set aside the verdict was also filed on December 30, 1959, contending that the verdict is illegal, because a divorce was not granted, and, therefore, no division of the property could be made ancillary to a petition for divorce.

Both the motion for a new trial as amended, and the motion to set aside the verdict, were overruled, and the exceptions are to these judgments. *Held:*

1. In *Lyon v. Lyon,* 102 Ga. 453 (1) (31 S. E. 34, 42 L. R. A. 194, 66 Am. St. Rep. 189), this court held that: "An injunction will, in a meritorious case, lie at the instance of a wife who is suing her husband for a divorce on the grounds of cruel treatment and habitual intoxication, to restrain him not only from interfering with her property, but also from go-

ing into her dwelling house and eating and sleeping therein over her protest and against her consent." See also *Stephens v. Stephens,* 173 Ga. 84 (159 S. E. 583); *Lee v. Lee,* 200 Ga. 690 (38 S. E. 2d 174). See Georgia Procedure and Practice, by Leverett, Hall, Christopher, Davis and Shulman, p. 662, § 24-21.

2. While *Code* § 30-111, providing "In all suits for divorce, the party applying shall render a schedule, on oath, of the property owned or possessed by the parties at the time of the application—or at the time of the separation, if the parties have separated—distinguishing the separate estate of the wife, if there be any, which shall be filed with the petition, or pending the suit, under the order of the court," was expressly repealed by the 1946 divorce act (Ga. L. 1946, pp. 90, 92), and it is not now necessary to render a schedule of the property of the husband and wife, where there are no minor children of the parties, and where "alimony or support" is not sought by the wife (*Code Ann.* § 30-105; *Hinkle v. Hinkle,* 209 Ga. 554, 558, 74 S. E. 2d 657), yet, where property is listed in the pleadings, the ownership of which is in dispute, and it is sought to have that property, located within the county where the divorce action is pending, equitably divided between the parties, the 1946 act, supra (*Code Ann.* § 30-105), provides, in the alternative, that if "the division of property is involved, the petition shall show the property," and *Code* § 30-118 provides that "The verdicts of juries disposing of the property in divorce cases shall be carried into effect by the courts, by entering up such judgment or decree, or taking such other steps usual in courts of equity, as will effectually and fully execute the same." See 1946 Ga. Senate Journal, p. 93. See also *Mendenhall v. Stovall,* 195 Ga. 492, 494 (24 S. E. 2d 795); *Kidd v. Finch,* 188 Ga. 492, 496 (4 S. E. 2d 187); *Morgan v. Morgan,* 157 Ga. 907 (123 S. E. 13).

3. While it is stated in 27B C. J. S. 265, § 291(2), "Where a divorce is refused, the court is not authorized, *in the absence of statute,* to decree a distribution of the property of the parties or to adjudicate their property rights" (emphasis supplied), and this court held in *Austin v. Austin,* 171 Ga. 812, 818(2) (156 S. E. 667), "The filing of a schedule of the property owned by both parties in an application for divorce is not a provision for determining disputes as to title to land,"

the 1946 divorce act, supra, which was enacted subsequently to the rendition of the decision in the *Austin* case, supra, specifically provides in cases where "the division of property is involved, the petition shall show the property," and, therefore, for the reasons stated in division 2 of this opinion and under the authorities there cited, the trial judge did not err in overruling the motion to set aside the verdict on the ground that where a divorce was not granted, no division of the property could be made ancillary to a petition for divorce.

4. In this case, the pleadings not only listed property in Chatham County, where the divorce proceeding was instituted, but also referred to Wayne County real property, title to which the wife alleged to be in her name, and which the evidence discloses was purchased with funds furnished by the husband. While the answer and cross petition of the husband does not bear out the contentions of counsel who stated to the trial judge in the trial of the case, "May it please the Court, she set forth in the pleadings that she owned certain real estate down in Jesup, Georgia, *and we asked in our cross-claim that the defendant be given 50 percent of the property*" (emphasis supplied), yet, this statement was evidently misleading to the trial judge, and resulted in his erroneously charging the jury that "The jury may render a verdict in this case for the property in dispute. However, you would be confined to the property described in the pleadings," without limiting his charge to include only the property located in Chatham County. *Austin v. Austin*, 171 Ga. 812, 818 (2), supra. Furthermore, since the wife's petition prayed that title to the fish market and variety store be decreed to be vested in her, free of any claim or demand on the part of the defendant, it was error for the trial judge, after charging the jury "You could find that the plaintiff is entitled to all of the property," to go further and say "In this event your verdict should remain silent."

5. A casual reading of the brief of evidence in this case clearly shows that what started out to be a divorce action, on the grounds of cruel treatment, with no question of alimony involved, developed into what appears to have been a trial involving property rights, and ownership of property in Chatham and Wayne Counties, and a dissolution of a partnership.

Therefore, under the foregoing rulings, the trial judge erred in denying the motion for a new trial.

*Judgment reversed.   All the Justices concur.*

Argued July 11, 1960—Decided September 8, 1960—
Rehearing denied September 21, 1960.

*Duffey & Doremus*, for plaintiff in error.
*John R. Calhoun, Crawford, Leeb & Calhoun,* contra.