21939. HUGHES v. HUGHES.

SUBMITTED FEBRUARY 11, 1963—DECIDED MARCH 7, 1963.

*George P. Dillard,* for plaintiff in error.

*E. H. Stanford,* contra.

GRICE, Justice. We determine here whether the decree in a divorce action is res judicata in a subsequent suit between the same parties for recovery of property.

This question is involved in a proceeding brought by Mrs. Vera Pitt Hughes against her former husband Max Ninon Hughes in the Superior Court of DeKalb County, Georgia, seeking to impress a trust upon certain property held by him. She claims that during their marriage he took from her a specified sum of money and used it to acquire the property which she now seeks to recover.

To this proceeding the former husband interposed a plea of res judicata, setting up the decree rendered previously in his divorce action against her. The plea incorporated the pleadings and final judgment of that prior action. The husband's petition in that suit scheduled as his the property now in question. The prayers were for divorce and general relief. In that action the wife had acknowledged service, consented with the husband for trial at the appearance term and filed no response whatever. The decree merely dissolved the marriage, without any mention of property.

The plea of res judicata was denied and error is assigned upon that ruling.

In support of his plea the former husband, defendant here, contends that since in the previous divorce proceeding he scheduled this property as his and the former wife, plaintiff here, made no denial of this, the judgment adjudicated that the property was his, not hers. His position is that scheduling the property and claiming ownership placed the right to it in issue,

and if she had any interest in it she could have contested it in that suit.

On the other hand, the former wife, plaintiff here, contends that the cause of action in this suit is different from that in the divorce action, and that in rendering the divorce decree the court did not pass upon any property rights but only granted a divorce between the parties.

We must therefore determine, in the light of this plea of res judicata, whether in the prior divorce suit between these parties the division of property was an issue. In doing so we are aided by the decision in *Price v. Price*, 205 Ga. 623 (4), 636-637 (54 SE2d 578), which we deem controlling.

The facts and contentions in that case are identical with those here, except that there, in addition to a previous action for divorce, there had been one for alimony, the two being consolidated; and pursuant to an agreement of the parties, the final decree included alimony. Significantly there, as here, the plaintiff in the previous litigation had scheduled and alleged ownership of the property involved in the later property suit and the defendant did not deny the plaintiff's allegation of ownership. Also, there, as here, neither the prayers of the petition in the previous litigation nor the final judgment rendered in it made any reference whatsoever to the property.

Ruling on the plea of res judicata in the subsequent property suit, this court in the *Price* opinion, pointed out that it appeared from the pleadings in the previous litigation that "no issue was raised or adjudicated with respect to this land in that proceeding."

As to the decree not being res judicata the opinion left no doubt. "Suffice it to say that the decree in the alimony and divorce case does not bar the plaintiff under the doctrine of res judicata from maintaining his present suit, which is based on a cause of action entirely different from that involved in the former alimony and divorce case; nor is the plaintiff precluded from maintaining the present suit on account of the doctrine of estoppel by judgment, since the questions now presented relating to property rights were not such matters within the scope of the pleadings as necessarily had to be adjudicated in order for the

alimony and divorce decree to be rendered, and were not matters that were actually litigated in that case." P. 637.

The fact that in the *Price* case the wife sought alimony and therefore under *Code Ann.* § 30-105 was required to schedule the property is no basis for distinguishing that case. In fact, the ruling that res judicata did not obtain, although alimony, with its inherent relationship to property, was involved, makes that case even stronger than this one.

We hold that the decree rendered in the previous divorce action is not conclusive as to the present suit. The judgment denying the plea of res judicata was correct and is

*Affirmed. All the Justices concur.*