## Nosal v. Nosal

*Martin H. Philip* and *Albert P. Leonzi,* for plaintiff. *Frank D. Llewellyn,* for defendant.

HEIMBACH, P. J., April 11, 1963.—Plaintiff is the wife of defendant and resides in Carbon County, Pennsylvania. Defendant is a resident of Harvey, Wells County, North Dakota, and is under a support order obtained by plaintiff in North Dakota, which order is current.

Defendant instituted suit in Carbon County (no. 42, September term, 1961) to quiet title to real estate originally held by defendant and plaintiff as tenants

by the entireties, which suit is pending. Because defendant is using the Carbon County court for the purpose of quieting title, plaintiff says she is entitled, in this equity proceeding, to a judgment in personam against defendant for (a) arrearages due her for support prior to the action of the North Dakota court, and (b) an increased order of support because of change in his circumstances.

Jurisdiction was obtained, according to plaintiff, by an officer in Harvey, Wells County, North Dakota, personally serving defendant with a copy of the complaint in accordance with Pa. R. C. P. 1504(b)-2(a). She says this action is proper because this action for support and arrearages is in the nature of a cross action to defendant's action to quiet title, and, because defendant in his original action selected the Carbon County court as a forum, he has submitted himself to this court's jurisdiction and cannot now complain that this court lacks jurisdiction to adjudicate all matters between them. Not so, says defendant, who filed preliminary objections to our jurisdiction. A support action or a suit for support arrearages is in no way incidental to a proceeding to quiet title and, unless defendant is served personally, within the jurisdiction of this court, the court lacks jurisdiction to enter any decree against defendant and insists his preliminary objections to the court's jurisdiction should be sustained.

We agree with defendant's position. We dismiss plaintiff's contention that an action for support arrearages or an order of support may be considered either a set-off, counterclaim, or cross action to defendant's complaint to quiet title, which would give jurisdiction over the defendant: Restatement, Conflict of Laws, §83; Guthrie v. Lowry, 84 Pa. 533. Pennsylvania Rule of Civil Procedure 1504(b)-2(a) does not aid plaintiff.

We quote from Goodrich-Amram, comment Pa. R. C. P. 1503 (a)-4:

"In considering venue for any action in equity, a clear distinction must be made between actions in personam and actions in rem. No defendant may be personally bound by any judgment unless he is served personally within the Commonwealth in an authorized manner. This does not change either the prior practice or the prior law. Indeed it is doubtful whether any other rule would be constitutional.

". . . The defendant must be brought personally within the jurisdiction of the court, either by personal service within the Commonwealth or by personal submission to the jurisdiction of the court if a valid decree in personam is to be rendered against him."

Accord Olson v. Kucenic, 389 Pa. 506.

In Austin v. Austin, 171 Ga. 812, 156 S. E. 667 (1931), the Supreme Court held the filing of a divorce suit by a wife in Fulton County was in no sense submitting herself to the jurisdiction for any purpose other than for the suit for divorce and any other relief incident to the divorce suit. It did not confer jurisdiction for adjudicating the title to the property, even if the title had not already been finally adjudicated in the Superior Court of Cobb County.

We hold that defendant, by bringing an action to quiet title in Carbon County, did not submit himself to the jurisdiction of this court for the purposes sought by plaintiff. Since the complaint does not in any fashion seek a judgment in rem, nor set forth any allegation that would support such a judgment, we grant defendant's prayer and make the following

## Order

And now, April 11, 1963, defendant's preliminary objections to the jurisdiction of this court are sustained and plaintiff's complaint is dismissed at plaintiff's cost.