30896. HORTON *v.* CONTINENTAL CASUALTY CO. *et al.*

DECIDED JUNE 21, 1945.

*Clifford R. Wheeless, Oliver C. Hancock,* for plaintiff in error.

*Hirsch, Smith, Kilpatrick, Clay & Cody, Sidney Haskins,* contra.

SUTTON, P. J. On January 27, 1944, Continental Casualty Company filed its petition against W. R. Horton seeking to recover as contribution from the defendant as a joint tort-feasor, $109.75 and interest from October 14, 1942. It was alleged in the petition that, on May 21, 1942, W. R. Horton and Johnson & Co. Inc. were jointly sued in a tort action in the superior court of Fulton County by John Medlock; that said suit alleged the joint negligence of the two defendants, and that they were properly served; that, on October 14, 1942, a verdict and judgment were rendered in favor of Medlock against the defendants jointly in the sum of $200 principal and $19.50 court costs; that the judgment was paid off in full by Continental Casualty Company as insurer of Johnson & Co. Inc.; that said W. R. Horton was in no way covered by the said insurance company and did not in any way contribute to the payment of the judgment rendered against him as a joint defendant; and prayed for a judgment against him. On February 10, 1944, the petition was amended by striking the name of Continental Casualty Company as plaintiff and substituting therefor that of Johnson & Co. Inc., suing for the use of Continental Casualty Company.

The defendant, now the plaintiff in error, filed his plea and answer in which he admitted that he was subject to the jurisdiction of the court, that he had been sued jointly with Johnson & Co. Inc. in a tort action in Fulton superior court, that a joint verdict and judgment had been rendered against him and Johnson & Co. Inc., as alleged in the petition; but denied that he was liable to the plaintiff for contribution. He filed a general demurrer to the petition on the grounds that it failed to set forth a cause of action, and that there was a misjoinder of parties plaintiff. The demurrer was overruled, and no exception was taken to that ruling.

When the case came on for trial and after the announcement of ready on both sides, counsel for the defendant made an oral

motion to dismiss the petition on the ground that there was no cause of action set forth. The case was tried before the judge upon an agreed statement of facts without the intervention of a jury, and a judgment was rendered by him against the defendant for the amount sued for. No ruling was made on the oral motion to dismiss above referred to. The defendant filed exceptions pendente lite to the court's refusal to dismiss the petition on the oral motion on the ground that no cause of action was set forth, and also filed a motion for new trial upon the general grounds. The trial judge overruled the motion for new trial, and the defendant excepted.

The agreed facts on which the case was tried were substantially as above set out. In addition the defendant introduced in evidence two releases, substantially the same, one signed by John Medlock, minor and plaintiff in the former action, and the other executed by Mr. and Mrs. D. G. Medlock as parents and guardians of John Medlock, minor, the consideration in each release being $85. The releases stipulated that "I . . do hereby release and forever discharge the said W. R. Horton/Johnson & Co. and assigns of all and from all claims, demands, damages, actions, or causes of action on account of any and all injuries to said minor now existing or which may hereafter arise from above-described accident to said minor." The releases were executed on January 28, 1942, and January 29, 1942, respectively, and prior to the filing of the suit by Mrs. Thelma Medlock, as next friend, etc., on April 1, 1942.

The defendant carried this case to the Supreme Court, which transferred it to this court (199 Ga. 220), and while the case was pending in the Supreme Court, Johnson & Co. Inc. filed a motion asking that its name be stricken as a party defendant in error on the grounds: that it did not consent to being made a party plaintiff in the lower court, suing for the use of Continental Casualty Company; and that it had no knowledge of such fact until it was served with a copy of the bill of exceptions.

■ The Code, § 37-303, provides: "In cases of joint, joint and several, or several liabilities of two or more persons, where all are equally bound to bear the common burden, and one has paid more than his share, he shall be entitled to contribution from the others; and whenever the circumstances are such that an action

at law will not give a complete remedy, equity may entertain jurisdiction." And § 105-2012 is as follows: "If judgment is entered jointly against several trespassers, and is paid off by one, the others shall be liable to him for contribution." "The principle of contribution is equality in bearing a common burden. The general rule is that one who is compelled to pay or satisfy the whole or to bear more than his just share of a common burden or obligation, upon which several persons are equally liable or which they are bound to discharge, is entitled to contribution against the others to obtain from them payment of their respective shares. In other words, when any burden ought, from the relationship of the parties or in respect to property held by them, to be equally borne and each party is in æquali jure, contribution is due if one has been compelled to pay more than his share. The doctrine is not founded upon contract, but upon principles of equity, and assists in the fair and just division of losses, preventing unfairness and injustice." 13 Am. Jur. 6, § 3. "While the doctrine of contribution originated in courts of equity, it was subsequently adopted by courts of law and is now universally applied therein. In order to make the doctrine consistent with the forms, theories, and practices of courts of law, the fiction of an implied contract by one obligor to contribute to another co-obligor who had been compelled to pay the whole obligation was adopted." Id. 5, § 5. *Southern Ry. Co.* v. *Rome,* 179 *Ga.* 449 (176 S. E. 7), is in point and is controlling. In that case a Mrs. Autry sued jointly the railway company and the city wherein joint negligence was alleged against both for the death of her son. She recovered against both defendants jointly, and the railway company paid the entire amount of the judgment. The railway company then brought suit against the city to recover contribution, and the Supreme Court held that the plaintiff was entitled to recover, saying that, "the permission to have contribution 'where all are equally bound to bear the common burden and one has paid more than his share' is absolutely unrestricted." It was held in that case that "the right of contribution extends equally to actions ex contractu and actions ex delicto where all are equally bound to bear the common burden, and one has paid more than his share." The case of *Hall* v. *Harris,* 6 *Ga. App.* 822 (65 S. E. 1086), cited by counsel for the plaintiff in error, recognized the right of a co-obligor to maintain

an action for contribution against a joint obligor, where such co-obligor has paid more than his proportionate share of the debt; still that case was not brought for contribution, but was based on an assignment of the note which had been paid, and the court in affirming the case held that a suit for contribution could not be brought against several defendants, but if grounds of contribution exist, suit must be filed against each codefendant severally. *Donaldson* v. *Carmichael*, 102 *Ga.* 40 (29 S. E. 135), cited and relied on by the plaintiff in error, on the theory of accord and satisfaction as a discharge from the judgment previously rendered against the defendants, is without application to the case at bar. The general demurrer having been overruled and no exceptions taken thereto, the ruling of the lower court became the law of the case. *Prescott* v. *Ellis*, 178 *Ga.* 822 (174 S. E. 525); *Pierpont Mfg. Co.* v. *Savannah*, 153 *Ga.* 455 (112 S. E. 462). The judgment rendered by the court was authorized under the law and the facts.

■ The contention of the plaintiff in error that the petition could not be amended by substituting the name of Johnson & Co. Inc., suing for the use of Continental Casualty Company, is without merit. The Code, § 81-1307, provides: "When several plaintiffs shall sue jointly, the petition may be amended by striking out the name of one or more of such plaintiffs; and when it shall become necessary for the purpose of enforcing the rights of such plaintiff, he may amend by substituting the name of another person in his stead, suing for his use." See in this connection, *Holcombe* v. *Richmond & Danville R. Co.*, 78 *Ga.* 776, 778 (3 S. E. 755). The court did not err in allowing the petition to be amended as just stated.

■ The plaintiff in error further contends that Continental Casualty Company was a volunteer under the facts of the case and as such had no right to recover against Horton. On the contrary, the payment made by Continental Casualty Company as insurer of Johnson & Co. Inc. was one under a legal obligation arising out of a verdict and judgment against Horton and Johnson & Co. Inc. jointly; and the contention of the plaintiff in error in this respect is without merit.

■ The petition set out a cause of action, and, in view of the principles of law above stated, the court did not err in failing to

pass on the oral motion to dismiss made by the defendant at the trial of the case; nor in overruling the motion for a new trial.

*Judgment affirmed. Felton and Parker, JJ., concur.*