32741. MIZE *v.* MIZE.

DECIDED NOVEMBER 9, 1949.

*Howard Oliver Jr.*, for plaintiff.

*Frank B. Stow*, for defendant.

TOWNSEND, J. (After stating the foregoing facts.) The demurrer to the original cross-action as amended of the defendant in the divorce action, he being the plaintiff in this action, was as follows:

"Plaintiff demurs to paragraphs 9, 10, 11, 12, 13, 14, 15, and 16 of said plea, answer and cross-action for the grounds that said paragraphs do not set forth or state a cause of action whereby defendant would be entitled to recover any amount whatsoever from plaintiff."

The judgment of the court based thereon was as follows: "The within and foregoing demurrer coming on regularly for hearing, and after defendant had filed an amendment to answer and cross-action attempting to set up certain oral contracts between plaintiff and defendant and after plaintiff had demurred to said answer and cross-action as amended, said demurrer is hereby sustained to paragraphs 9, 10, 11, 12, 13, 14, 15, 16, and 17 of defendant's original answer and cross-action and the demurrer to said cross-action as amended is hereby sustained and each and every paragraph of the original cross-action and said amendment is hereby dismissed on demurrer."

It is therefore obvious that the demurrer was sustained upon the merits. Where a court of competent jurisdiction, in dismissing a cross-action, necessarily decides the merits of the cross-action, this decision may be pleaded in bar of a subsequent action between the same parties on the same subject-matter. See *Hill* v. *Armour Fertilizer Wks.*, 21 *Ga. App.* 45 (1) (93 S. E. 511).

It has been held proper to join a money demand between husband and wife in a divorce action. See *Morgan* v. *Morgan*, 157 *Ga.* 907 (123 S. E. 13). The issues presented by the pleadings in the case here could have been adjudicated in the former suit between the same parties based upon the same cause of action by germane and appropriate amendments made thereto. It follows that the judgment of the trial court sustaining the demurrer to the cross-action in the divorce case is res judicata as to all issues presented in this action.

In *Hoffman* v. *Summerford,* 28 *Ga. App.* 247 (111 S. E. 68) it was held: "Where the issues presented by the pleadings in a pending suit could have been inquired into and adjudicated in a former suit between the same parties, based upon the same cause of action, either under the pleadings there existing or as the pleadings could and should have existed by germane and appropriate amendments made thereto, an adjudication of the former suit on its merits, either by demurrer to the petition or otherwise, is res judicata of all issues presented in the suit pending. . .

"'A judgment on demurrer, which passes on the legal sufficiency of the facts stated by the plaintiff to hold the defendant to liability to him is a judgment on the merits, although the plaintiff . . has stated only a part of the facts when he might have stated more, and although, if the plaintiff had stated the facts fully, fairly and truly, as they really existed, he might have set up a transaction showing liability against the defendant.' *Wolfe* v. *Georgia Ry. & Elec. Co.,* 6 *Ga. App.* 410, 412 (65 S. E. 62)."

Counsel for the plaintiff contends that his former cross-action was so defective that no recovery could possibly have been had and that therefore, under Code § 3-607, the judgment sustaining the general demurrer to the cross-action is not res judicata to this action. This Code section, with respect to such defective causes of action, applies where the same are so defective as to be incapable of amendment. The cause of action upon which the plaintiff sues here could have been just as well stated in his original cross-action as he has stated it in the instant case.

The action of the trial court sustaining the plea of res judicata and entering a judgment against the plaintiff is without error.

*Judgment affirmed. MacIntyre, P. J., and Gardner, J., concur.*