44975. HOOD v. GENERAL SHOE CORPORATION et al.

HALL, Presiding Judge. On an affidavit in attachment, bond and execution issued thereon, filed April 3, 1963, on behalf of General Shoe Corporation against John L. Peterson, a nonresident, there was issued a default judgment in rem (entered January 24, 1964) in favor of General Shoe Corporation. Between May and November of 1963 a number of garnishments were made by General Shoe upon the tenants of the property in question here. The levy of attachment on the property is dated January 7, 1964, and entered on the attachment docket of the Superior Court of Houston County on January 10, 1964. A fi. fa. issued on October 5, 1965, in favor of General Shoe Corporation on the default judgment, dated January 24, 1964. A levy was made on the real estate as the property of Peterson on the same date. On November 1, 1965, Angie Hood, appellant, filed a claim to the property, setting up title under a warranty deed made by Peterson to her, dated November 28, 1963, but not filed until January 15, 1964. Appellee, in response to the claim, alleged that the deed is void in that it was made for the purpose of hindering, delaying and defrauding the appellee in the collection of its debt and that the claimant in taking the deed had (1) knowledge of this fraudulent intent, or (2) had reasonable grounds to suspect it. Claimant appeals the overruling of her motion for summary judgment which the trial judge certified for immediate review.

There being a genuine issue on a material fact—whether the deed in question was made for the purpose of hindering, delaying and defrauding appellee in the collection of its debt and whether this alleged purpose was either known by the

grantee or that she had reasonable grounds to suspect the same—the trial court did not err in overruling the motion for summary judgment.

*Judgment affirmed. Deen and Evans, JJ., concur.*

SUBMITTED JANUARY 12, 1970—DECIDED JANUARY 30, 1970.

*Jones, Cork, Miller & Benton, Wallace Miller, Jr.,* for appellant.

*Spencer & Smith, R. T. Spencer, Henry G. Smith, Jr.,* for appellees.