45083. GENERAL SHOE CORPORATION v. HOOD et al.

DEEN, Judge. General Shoe Corporation, a judgment creditor, levied on land belonging to Peterson, and appellant Angie Hood filed her claim to the land in a former action (*Hood v. General Shoe Corp.,* 121 Ga. App. 90 (173 SE2d 127)), the creditor contesting on grounds, among others, that the deed from Peterson to Hood was void as an effort to defraud creditors. The creditors also filed general demurrers to the claim as follows: "1. Plaintiff in attachments demurs generally in that said claim does not show a valid claim against the property levied upon. 2. Plaintiff in attachment demurs generally to said claim in that it does not contain the necessary allegations required by law in such cases and same

should be stricken." On December 15, 1964, (prior to CPA) the court dismissed the claim in the following language: "Paragraphs 1 and 2 of the foregoing demurrer being general in their nature, are hereby sustained, and said claim is stricken and dismissed." Under either pre- or post- CPA practice, this judgment, standing unreversed, is res judicata as to Hood's right to make a claim to the land in this case.

This case is controlled by *Northern Assurance Co. v. Almand*, 210 Ga. 243 (78 SE2d 788), where this court was reversed by the Supreme Court in a like situation. There the petition was on its face subject to dismissal on a ground not going to the merits: no process had ever issued and the time for amendment had passed. The trial court sustained two demurrers as follows: "1. Defendant demurs generally to the plaintiff's petition upon the ground that same fails to state a cause of action. . . 2. Defendant demurs to plaintiff's petition upon the ground that [it] shows upon its face that . . . under the law of Georgia the process issued under the court's order of June 28, 1952, is null and void, and since no valid and legal process ever issued in the case the same is a mere nullity and subject to dismissal on demurrer." Plaintiff re-filed the petition; a plea of res judicata was interposed, and this court held that the obvious intent of the first judgment was to dismiss the petition for lack of process, a defect not going to the merits. In reversing, the Supreme Court pointed out that one of the demurrers went to the merits, that both were sustained, and that neither was reversed. It then added: "This case, as we view it, does not present a difficult question. The two suits were brought by the same plaintiff, against the same defendant, and for the purpose of enforcing the same fire insurance contract. The first suit was dismissed on general demurrer by a judgment which has not been reversed or modified; and that unchanged judgment, whether right or wrong, is the law of the case." "If upon demurrer the court shall decide upon the merits of the cause, the judgment may be pleaded in bar of another suit for the same cause." *Code* § 110-504. A general demurrer (or motion to dismiss) on the ground that the pleading does not present a valid claim to the property levied upon goes to the merits. The plea of res judicata should therefore have been sustained.

446

 

*Wolfe v. Ga. R. & Elec. Co.,* 6 Ga. App. 410 (65 SE 160);
*Mize v. Mize,* 80 Ga. App. 441 (56 SE2d 121).

*Judgment reversed. Evans, J., concurs. Hall, P. J., concurs in the judgment.*

SUBMITTED FEBRUARY 4, 1970—DECIDED MARCH 5, 1970—
REHEARING DENIED MARCH 19, 1970—

*Spencer & Smith, Henry G. Smith, Jr.,* for appellant.

*Jones, Cork, Miller & Benton, Wallace Miller, Jr., H. Jerome Strickland,* for appellees.