## 29328. CARLSON et al. v. HALL COUNTY PLANNING COMMISSION et al.

JORDAN, Justice.

This is an appeal from the granting of motions for summary judgment in Hall Superior Court. The issue in this case is whether venue in Hall County was correctly held improper as to residents of another Georgia County upon a factual determination by the trial court that no substantial equitable relief was sought against the only resident defendant.

R. F. Duncan is a resident of Gwinnett County and Lanier Mobile Home Park, Inc., hereinafter called Lanier, is chartered and domiciled in Gwinnett County. Duncan owns Lanier; he also owns land in Hall County, upon a part of which is situated Lanier Mobile Home Park. Lanier operates the park, and is a tenant at will

of Duncan. The park is in a subdivision which is zoned as vacation cottage property in which mobile home parks are a permitted use under a 1969 Hall County zoning resolution. Pursuant to that resolution, Duncan applied to the Hall County Planning Commission for a permit to expand the number of lots in the park, and on June 7, 1973, he received a letter of preliminary design approval. Shortly thereafter, he began construction on the expansion. Subsequently, appellant Carlson purchased a lot in the subdivision.

In April, 1974, appellant filed suit against the Hall County Planning Commission; the members thereof; R. F. Duncan, and Lanier Mobile Home Park, Inc. Appellant alleged that he relied upon a plat and survey of the subdivision when he purchased his lot, and that the expansion of the park was changing the character of the subdivision as represented by the plat and survey; that Duncan and Lanier were proceeding illegally and unlawfully and in violation of the rules and regulations of the commission; and that the commission illegally and without authority issued the permit for expansion.

Appellant sought damages against Duncan and Lanier. Appellant further sought an interlocutory hearing to determine whether the commission should be ordered to revoke any permit already granted Duncan for expansion, and abate the issuance of further such permits for expansion purposes.

Defendant commission answered by denying the material allegations of the complaint. Defendants Duncan and Lanier answered, contending that the complaint failed to state a claim against them upon which relief could be granted, that venue was improper, and that the Hall County Superior Court had no personal jurisdiction over them. Lanier alleged that it was an improper party to the suit. Duncan alleged further that the plat of the subdivision contained no expressions of restrictions or covenants, and that Lanier was an improper party.

After a hearing, the trial court found the following facts: that Lanier is a corporation organized and chartered by the Superior Court of Gwinnett County; that the principal office, the registered office, and the

registered agent are in Gwinnett County, and that Lanier has no interest whatsoever in the real estate which is the subject matter of this suit, and therefore is not a proper or interested party in the suit.

The court found that R. F. Duncan, individually, is responsible for all of the enlargement and expansion of the park; that the court had no jurisdiction over Duncan because he is a resident of Gwinnett County; and that no substantial relief was prayed for against the commission. Motions for summary judgment were granted in favor of Duncan and Lanier.

On appeal appellant contends that the inclusion of the Hall County Planning Commission as a defendant establishes Hall County as the proper venue for this action. The basis for this argument is the following constitutional provision: "Equity cases shall be tried in the county where a defendant resides against whom substantial relief is prayed." Art. VI, Sec. XIV, Par. III, (Code Ann. § 2-4903). See Code Ann. § 3-202 (Ga. L. 1962, p. 659).

1. The determinative question is whether appellant sought such substantial relief against the Hall County Planning Commission as would make Hall County the proper venue for this suit.

The question is not whether the Hall County Planning Commission was a proper or necessary party to the suit, but rather did the petition seek substantial equitable relief against it. That it may properly be made a party in Gwinnett County does not determine the other inquiry. It is a question of proper venue, not proper parties. See *Beacham v. Cullens,* 194 Ga. 739, 742 (22 SE2d 508).

Here it appears that appellant is seeking substantial relief only against Duncan and Lanier. Apparently appellant's theory is that Duncan's activities have been in violation of restrictive covenants contained in subdivision plats. The commission has no direct interest in that controversy because their responsibility was to determine whether a permit should issue, not to adjudicate a dispute over alleged restrictive covenants. The trial court properly found that no substantial relief was sought against the commission as would permit

appellant to draw Duncan and Lanier to the Hall County forum.

2. This case was heard on a motion for summary judgment. As we view the record, appellee sought to have the case dismissed because Hall County was not the proper venue. This defense to a suit is recognized in Code Ann. § 81A-112 (b, 3). However a motion for summary judgment under Code Ann. § 81A-156 cannot be granted on matters in abatement. *Ogden Equipment Co. v. Talmadge Farms, Inc.,* 232 Ga. 614 (208 SE2d 459). The evidence does support a dismissal for want of venue, the nomenclature of the motion notwithstanding, and we affirm with direction that the trial court order be amended to show that said dismissal was not on the merits of appellant's claim. See 6 Moore's Federal Practice 2054, § 56.03.

*Judgment affirmed with direction. All the Justices concur.*

SUBMITTED OCTOBER 18, 1974 — DECIDED NOVEMBER 26, 1974.

*John N. Crudup,* for appellants.

*Webb, Fowler & Tanner, J. L. Edmondson, W. Howard Fowler, Tifton S. Greer,* for appellees.

