## 75746. KLAUSMAN v. KLAUSMAN.
### (368 SE2d 185)

SOGNIER, Judge.

Henry M. Klausman brought an action against his former wife, Patricia W. Klausman, seeking contribution of her portion of delinquent income taxes and penalties for the years 1980, 1981, and 1982. The debt to the Internal Revenue Service had been extinguished when the IRS seized Mr. Klausman's 1985 estimated tax payments in satisfaction thereof. The trial court granted Patricia Klausman's motion for summary judgment and denied that of Henry Klausman. Henry Klausman appeals.

The record reveals that appellant is an accountant who, while married to appellee, established a branch of the Universal Life Church as a vehicle to avoid taxes, and became himself an ordained minister in said church. Thereafter, he claimed substantial contributions to the church on the parties' joint tax returns. In 1983 appellant was notified by the IRS that the deductions claimed for contributions to the Universal Life Church in 1980, 1981, and 1982 would be disallowed, and that penalties and interest would be imposed, and appellant protested the IRS decision. Divorce proceedings between the parties were initiated in 1983, and became final in March of 1984. The final decree incorporated an agreement which purported to settle all issues relating to the parties' rights and obligations growing out of the marital relationship, and which was otherwise silent as to the delinquent tax liability. In December of 1984 the IRS formally disallowed the deductions; in April of 1985 it billed the parties for the arrearage and penalties totaling more than $33,000. In November of 1985 the IRS seized appellant's estimated tax payments and applied them to the bill for delinquent taxes, thus satisfying the debt, and appellant brought this action for contribution.

Appellant contends the trial court erred by granting appellee's motion for summary judgment and denying his own motion, because the evidence established a common liability and thus he, rather than appellee, was entitled to judgment as a matter of law. We do not agree.

" 'Contribution can not properly be granted as affirmative relief unless the party claiming such relief has been compelled to discharge *a liability for which he and the other party were equally bound.'* [Cit.]" (Emphasis supplied.) *Nannis Terpening &c. v. Mark Smith Constr. Co.*, 171 Ga. App. 111, 115 (1) (318 SE2d 89) (1984). Appellant argues such common liability has been established because 26 USCA § 6013 (d) (3) provides as a general proposition that both husband and wife are jointly and severally liable for any tax due on joint returns. However, certain other provisions of the federal tax code limit or remove that common liability from an "innocent spouse," provided the applicant for such treatment meets the requirements of those provisions. 26 USCA § 6013 (e).

It is uncontroverted that appellee has appealed the IRS assessment as to her, claiming that she meets the requirements for "innocent spouse" treatment, and that she has pursued that claim through appropriate channels and sought a ruling to that effect. Such a ruling would remove her liability for the tax deficiency, thereby removing as well appellant's right to contribution. To date, there has been no final determination on appellee's appeal of the IRS assessment as to her. However, the record shows, and the trial court found, that appellee's claim is not without merit, and that her chances of being found an "innocent spouse" are at least reasonable. It is undisputed that, unlike appellant, she had little income, no experience in financial or accounting matters, and did not prepare the returns in question. Further, she had refused any involvement with the "church" created by appellant which was the recipient of the disallowed charitable contributions. We note additionally that the IRS has placed appellee's case on "general continuance," but has issued notice that no penalties will be sought against appellee. In view of the foregoing, it can hardly be said that appellee's liability has been "established." Rather, the time is not yet ripe for adjudicating the matter before us, as there has been no final determination as to whether appellee has any liability, and the trial court's ruling that this suit is premature is correct.

This case was heard on motions for summary judgment, and a motion for summary judgment cannot be granted on the ground that the action is premature, which is a matter in abatement. *Ogden Equip. Co. v. Talmadge Farms*, 232 Ga. 614 (208 SE2d 459) (1974). However, the evidence does support a dismissal on the basis of prematurity, since appellant has failed to satisfy an essential precondition for bringing an action for contribution. OCGA § 23-2-71. No purpose is served by allowing appellant to proceed in the state forum with this action toward a judgment entitling him to contribution from appellee, when a ruling in the previously initiated federal proceeding that appellee was entitled to "innocent spouse" treatment would render it meaningless. Accordingly, the nomenclature of the motion

notwithstanding, we affirm with direction that the trial court's order be amended to show that said dismissal was not on the merits of appellant's claim. See *Carlson v. Hall County Planning Comm.*, 233 Ga. 286, 289 (2) (210 SE2d 815) (1974).

*Judgment affirmed with direction. Birdsong, C. J., Deen, P. J., Banke, P. J., Carley, Pope, and Benham, JJ., concur. McMurray, P. J., and Beasley, J., dissent.*

McMURRAY, Presiding Judge, dissenting.

Plaintiff contends that he is entitled to contribution pursuant to OCGA § 23-2-71. In order for a party to be entitled to contribution, he must first show that he and the defendant shared a common liability. *Snyder v. Elkan*, 187 Ga. 164 (199 SE 891); *Williams Bros. Lumber Co. v. Anderson*, 210 Ga. 198 (78 SE2d 612); *Horton v. Continental Cas. Co.*, 72 Ga. App. 594 (34 SE2d 605). Common liability is established by 26 USCA § 6013 which provides that both husband and wife are jointly and severally liable for tax deficiencies on joint returns.

Under the "innocent spouse rule" of 26 USCA § 6013 (e) a spouse may be relieved of liability for tax deficiencies on joint returns if she does not know or has no reason to know that there is a substantial understatement of taxes. Defendant in the case sub judice relies in part on the "innocent spouse" provision. The state court has determined that defendant's evidence supports an innocent spouse claim and that plaintiff has presented no evidence that defendant is not an innocent spouse. However, regardless of the posture of the record before the state court the resolution of any pending "innocent spouse" claim by defendant will take place before the appropriate federal tribunal. Until such occurs defendant remains jointly liable for the tax deficiencies at issue.

The state court held that the doctrine of res judicata or estoppel by judgment bans plaintiff's action as a matter of law. A final divorce decree binds the parties as to all matters put in issue, or which under the rules of law might have been put in issue until such decree shall be reversed or set aside. *Mize v. Mize*, 80 Ga. App. 441 (56 SE2d 121); *Sumner v. Sumner*, 186 Ga. 390 (197 SE 833). Relying upon recitals in the settlement agreement the state court determined that the parties intended to resolve all financial rights and obligations between themselves. The settlement agreement does mention the parties' 1983 tax return. The state court responded that plaintiff also could have provided for the 1980, 1981 and 1982 tax liabilities but failed to do so and that at a minimum the tax claim at issue could have been raised in the divorce proceeding or alternatively was raised and decided in the divorce decree thereby barring any subsequent claims.

However, pretermitting any issue as to whether the state court's

reasoning and conclusion is correct, I would find error in its application to the facts of the case sub judice. At the time of the settlement agreement and divorce decree any tax liability arising from the audit of the 1980, 1981 and 1982 joint tax returns was the joint obligation of both parties under 26 USCA § 6013. Nothing on the face of the record indicates that this has changed (although there is some evidence of a pending "innocent spouse" claim by defendant). Plaintiff's complaint does not attempt to alter the rights and obligations which were in place at the time of the settlement agreement and divorce decree; if anything, plaintiff relies upon the relative rights of the parties at that time. Instead plaintiff's complaint seeks to rectify events which occurred in 1985 following the divorce decree, when his funds were seized to satisfy the pre-existing joint liability for taxes arising from the audit of the 1980, 1981 and 1982 joint returns. Clearly the 1984 divorce decree incorporating the parties' settlement agreement did not and could not have determined the rights of the parties in regard to the 1985 seizure of plaintiff's funds.

Therefore, I respectfully dissent as I would hold that the state court erred in granting defendant's motion for summary judgment.

BEASLEY, Judge, dissenting.

I concur fully in the other dissent.

1. At first, it appears that the suit was premature because of the pendency of defendant's "innocent spouse" claim which she filed by petition in the United States Tax Court in March 1985. If that were resolved in her favor, she would not be indebted to plaintiff for the contribution he seeks.

However, it is her defense which is premature, or more accurately perhaps, inchoate. She has not established that she *has* been absolved of the joint and several liability imposed by 26 USC § 6013 (d) (3). She may be relieved of liability as provided in subsection (e) "[u]nder regulations prescribed by the Secretary [of the Treasury], . . ." by a procedure which she has commenced but not completed. After her case was referred back to the IRS Appellate Division and subsequently returned to the court, it was twice scheduled for trial and continued, the second time "generally," in March 1987.

And there it sits. The burden in that case is on the taxpayer to prove she satisfies every element of the exception to joint liability provided in section 6013 (e) (1). *Shea v. C.I.R.*, 780 F2d 561, 565 (2) (6th Cir. 1986); *Ratana v. C.I.R.*, 662 F2d 220, 224 (1) (4th Cir. 1981). Not having done this in the forum which the law provides for resolution of such an issue, plaintiff's claim in the court below remains governed by the joint and several liability imposed by section 6013 (d) (3).

I have found no authority for the proposition that Mr. Klausman,

plaintiff below, would have to first ask to be added as a party plaintiff in Mrs. Klausman's Tax Court suit and then seek to have it adjudicated to a conclusion that she is not excepted as an "innocent spouse," in order to bring his claim for contribution. Thus I agree that the defendant was not entitled to summary judgment.

2. Even if I agreed with the majority's substantive position, I would have to dissent as to a procedural aspect. The propriety of the denial of plaintiff's motion for summary judgment is not before us.

Whether right or wrong as to appealability, appellant states in his brief that, as respects the order in regard to plaintiff's motion, "no appeal is being taken as the denial of such a motion is not appealable." At the end of his brief, his "Final Conclusion" is that: "For the reasons stated above, the appellant urges this Court to review the Trial Court's granting of Defendant/Appellee's Motion for Summary Judgment."

While it is true that appellant appealed from the order which also contained the ruling on plaintiff's motion, that is the order which contained the ruling complained of. We may not reach beyond the issues properly brought before us. *Clark v. Bandy*, 196 Ga. 546, 558 (27 SE2d 17) (1943); *Bouldin v. Contran Corp.*, 173 Ga. App. 823 (328 SE2d 424) (1985); *Continental Nut Co. v. Savannah Bank*, 142 Ga. App. 509, 515 (3) (236 SE2d 501) (1977).

DECIDED MARCH 18, 1988 —
REHEARING DENIED MARCH 31, 1988 —

*Martin L. Fierman*, for appellant.
*Donald W. Gettle*, for appellee.