S10F1783. SYMMS v. SYMMS.

(707 SE2d 368)

HINES, Justice.

Andrew Symms ("Husband") appeals from the final judgment and decree of divorce ("decree") from Tracy Symms ("Wife") following the grant of discretionary review pursuant to this Court's pilot project.[1] The issue is whether the superior court was authorized in the decree to make certain directives regarding the parties' income tax liability and reporting. Finding that such directives were without legal or evidentiary support, we reverse in part and remand.

The Wife filed a petition for divorce in the Superior Court of Richmond County in February 2009. In March 2009, the Husband filed responsive pleadings and a counterclaim for divorce. Neither party raised issues of tax compliance or tax liability. However, during the final hearing in the divorce action, there was some testimony and some documentary evidence regarding Wife's photography business, which she had been pursuing in addition to her job in a medical office. There was also testimony indicating that the parties had failed to report income from the photography business for the purpose of the assessment and payment of income tax. During the hearing, the superior court orally stated its displeasure in the fact that the parties had not reported on tax returns the monies from the Wife's business; in the decree, which issued in March 2010, it included certain provisions addressing tax issues with respect to that business. First, it ordered both parties to amend their 2005-2008 federal and state income tax returns to reflect the income from Wife's photography business, and mandated that Husband and Wife be "equally responsible" for any tax liability for the business and for the payment of consequent taxes, interest, and penalties. It further ordered the Wife to accurately report her income from the business for 2009 and to pay all taxes, interest, and penalties, as applicable. In addition, the court specified exact dollar amounts for the minimum gross receipts and profits to be reflected on the amended 2005-2008 tax returns; it ordered that "actual" gross receipts and profits be reflected on the 2009 returns. It also directed that such tax returns be filed by May

---

[1] Pursuant to the pilot project, non-frivolous applications for discretionary appeal from the entry of a final judgment and decree of divorce are granted. *Wright v. Wright*, 277 Ga. 133 (587 SE2d 600) (2003).

31, 2010, with signed copies delivered to the court. Husband now argues, and Wife concurs, that the superior court exceeded its authority in ordering the filing of amended tax returns reflecting the legal determination of joint and several liability and the factual determinations of income. We agree.

Certainly, as a general matter, our State courts are not authorized to impose income tax liability. *Blanchard v. Blanchard*, 261 Ga. 11, 15 (401 SE2d 714) (1991). Moreover, any determination in this case that the parties are jointly and severally liable for any and all taxes, interest, and penalties resulting from amended returns would appear to be premature because of the Husband's contested claim that he qualifies as an ''innocent spouse,'' with respect to Wife's photography business under federal tax law, and that he is entitled to an Internal Revenue Service assessment of his status as such, for the purpose of his being exempt from incurring joint or several liability for the unreported income. See *Klausman v. Klausman*, 186 Ga. App. 669 (368 SE2d 185) (1988). But, pretermitting the question of the baseline legal authority to assess such taxation, the amounts directed to be reported, even as minimum amounts are premised upon figures called into question by the parties' testimony at the hearing, which testimony essentially rendered such amounts either largely speculative, merely ''ballpark'' figures, or blatant misrepresentations. Simply, the record before this Court shows that the superior court lacked accurate and complete documentation or other evidence necessary to calculate such amounts. Therefore the aforementioned provisions in the decree cannot stand. The final judgment and decree of divorce is reversed in part, and the case is remanded to the superior court for action consistent with this opinion.

*Judgment affirmed in part and reversed in part and case remanded. All the Justices concur.*

DECIDED MARCH 7, 2011.

*Johnston, Wilkin & Williams, Wendell E. Johnston, Jr.*, for appellant.

*Catherine V. Ryan*, for appellee.